Steen vs. Norton.

## STEEN vs. NORTON.

JUSTICES' COURTS: GARNISHMENT. (1) *Affidavit of garnishment.* (2) *Conditions of jurisdiction.*

1. An affidavit for garnishment in justice's court, which omits to state that the money, effects and credits of the principal debtor in the garnishee's possession *are not exempt*, is fatally defective, and will not authorize the constable to summon the garnishee, or warrant the justice, on its return, to take jurisdiction of the proceeding.

2. In the special statutory proceedings of garnishment, attachment as mesne process, replevin, and the like, in justices' courts, the justice acquires *jurisdiction of the proceeding* only by compliance with the statutory conditions; and where there is no such compliance on plaintiff's part, a voluntary appearance by defendant, and submission of his person to the jurisdiction of the court, cannot waive the defect. *Blackwood v. Jones*, 27 Wis., 498, and *Fairfield v. Madison Man. Co.*, 38 id., 346, as to this point, criticised, and, so far as they seem to conflict herewith, overruled.

APPEAL from the County Court of *Fond du Lac* County.

Plaintiff, having commenced an action in a justice's court against one Proctor, delivered to a constable an affidavit stating that he had good reason to believe that *E. D. Norton* had money, effects and credits in his possession belonging to Proctor and was indebted to Proctor; and, upon plaintiff's demand, the constable summoned *Norton* as garnishee in said action. *Norton* appeared on the return day of the summons, and answered as garnishee; and judgment was rendered against him by the justice for $21.43 damages, besides costs, from which he appealed to the county court. When the cause was reached there, the court, on *Norton's* motion, and on the ground that the affidavit for garnishment was insufficient, rendered judgment dismissing the action. From this judgment the plaintiff appealed.

The cause was submitted on the brief of *A. M. Blair* for the appellant, and that of *D. W. C. Priest* for the respondent.

RYAN, C. J. The affidavit on which the garnishment of the respondent before the justice of the peace was founded, is fatally defective, in omitting to state that the money, effects

and credits of the principal debtor in the garnishee's possession are not exempt. The statute makes the statement essential, and it is issuable. *Winterfield v. Railway Co.*, 29 Wis., 589. The justice cannot be presumed to have gone, in his inquiry, beyond the facts stated in the affidavit, which stands for a complaint. *Non constat* that he might not give judgment against the garnishee for moneys or credits of the principal debtor in his hands exempt as wages or otherwise. The affidavit was therefore wholly insufficient to authorize the constable to summon the garnishee, or to warrant the justice, on its return, to take jurisdiction of the proceeding.

The garnishee, however, appeared before the justice and submitted to examination, without objection. This would undoubtedly waive the objection, so far as it went to jurisdiction of his person. Want of jurisdiction of the person can always be waived; no submission or consent can confer jurisdiction of the subject matter. And so the question here is, whether the affidavit goes only to jurisdiction of the person, or goes to jurisdiction of the subject matter.

The statute makes the service of a summons on the garnishee the commencement of an action against him. But it is a most peculiar action, out of the ordinary course of judicial proceedings. It is an anomaly; a statutory invention *sui generis*, with no affinity to any action known to the common law. It does not proceed on liability of the garnishee to the plaintiff, or on any privity between them. It is in effect an action brought by the plaintiff, in his own name and of his own will, in the right of the defendant in the principal suit; an action against the defendant's debtor, a stranger to the principal cause of action. It intrudes between debtor and creditor, sets aside all considerations of forbearance or composition between them, and subjects the debtor to judgment, without action or consent of his creditor. In effect, it makes one the creditor of another without privity of contract. And it may well operate unjustly. The garnishee, sued by his creditor's creditor, may offset demands against his own creditor, but not against the plaintiff who sues him. The gar

nishee may be a creditor of the plaintiff who sues him, without right to defend himself on that ground.

The proceeding is so anomalous that it has troubled courts and writers to define it.  Mr. Drake, in his work on attachments, sec. 452, says that "garnishment is in the nature of a proceeding *in rem*, since its aim is to invest the plaintiff with the right and power to appropriate, to the satisfaction of his claim against the defendant, property of the defendant in the garnishee's hands, or a debt due from the garnishee to the defendant."  And he quotes the language of SHAW, C. J., speaking of the process of garnishment by its name in Massachusetts:  "The trustee process operates as a species of compulsory statute. assignment, by which a creditor may obtain that by operation of law, which his debtor might voluntarily assign to him in payment of his debt."  *Strong v. Smith*, 1 Met., 476.

It is said above that the plaintiff in the principal suit may resort to this extraordinary remedy at his own will; but this is true only *sub modo*.  It is not the policy of the statute to place this anomalous action, like ordinary actions, at the mere discretion of the plaintiff, or to give justices of the peace unqualified jurisdiction of it, as in ordinary actions, where every person can become a plaintiff, have process, and put the justice's jurisdiction in motion, on demand.  The plaintiff in garnishee proceedings, as in attachment as mesne process, replevin and the like, can put in motion the jurisdiction of the justice, only by complying with statutory prerequisites.  And the justice takes jurisdiction of the proceeding, only upon the plaintiff's compliance with the preliminaries which the statute makes the condition of jurisdiction.  In order to entitle a plaintiff to have recourse to the process of garnishment, in order to confer on the justice jurisdiction to entertain it, he must first make the affidavit required by the statute.  He may institute his suit against his own debtor, of his own mere will, without condition precedent, and the justice takes jurisdiction of it by the mere fact of its institution.  So he may institute a suit against his debtor's debtor, of his own mere

will, without condition precedent, and the justice will take jurisdiction by the mere fact of its institution. But in that case the plaintiff can recover against the defendant in his own right only, not in the right of his debtor, not as a garnishee. He can take the right to sue his debtor's debtor as garnishee, and the justice can take jurisdiction of the proceeding, only by force of the statutory affidavit. The affidavit is therefore the foundation, an essential condition, of the jurisdiction of the justice over the anomalous statutory proceeding; the statute making the extraordinary jurisdiction expressly dependent on the affidavit. Failure of the affidavit is therefore failure of jurisdiction over the subject matter. The justice's jurisdiction of the proceeding is conditional, not absolute, and remains dormant until the affidavit supplies the condition. Without the affidavit, the proceeding could be no more than a personal action of the plaintiff, in his own right, against the garnishee.

The statute authorizes no amendment of the affidavit, once made; and wisely, in accordance with principle, because the affidavit is jurisdictional of the subject matter. An affidavit materially defective stands as no affidavit. All proceedings founded on a materially defective affidavit are *coram non judice*. And no appearance, no submission of the garnishee, can operate to waive the defect of jurisdiction. *Schindler v. Smith*, 18 La. Ann., 476; *Phelps v. Boughton*, 27 id., 592.

The proceeding is anomalous, not only in its scope, but in its practice. The statute declares that the service of the summons is the commencement of an action against the garnishee; yet the summons is not strictly judicial process; technically a warning only; is not issued, neither is the affidavit taken, by the justice. The affidavit is delivered by the plaintiff to the officer having the principal summons, who thereupon issues his process reciting the affidavit and summoning the garnishee to appear before the justice, and returns the affidavit and summons to him. The affidavit then stands for the plaintiff's complaint against the garnishee, and for the jurisdiction of the justice. But the statute declares that from the service of the summons the garnishee shall be liable to the plaintiff for

the credits and effects of the principal defendant in his possession.

It is quite certain that the officer takes no authority to summon the garnishee, without the statutory affidavit. And his summons without the affidavit cannot operate to fix the garnishee's liability to the plaintiff. In that case, the garnishee may discharge his liability to his own creditor. And the assumption of jurisdiction by the justice, or the submission of the garnishee to his jurisdiction, cannot cure want or material defect of the affidavit, or absolve the garnishee from liability to his own creditor, or fix his liability to his creditor's creditor, which the statute determines and makes wholly dependent upon service of the summons, founded on the statutory affidavit. All the subsequent proceedings of garnishment rest upon the liability of the garnishee to the plaintiff, the change of his creditors, the substitution of a stranger for his own creditor, by operation of law, upon the service of the summons which the officer takes authority to issue and serve by force of the statutory affidavit only; mere waste paper in the absence of the proper affidavit. Without the affidavit, the officer is not acting within the scope of his office in summoning the garnishee. And when he makes his return, the jurisdiction of the justice of the proceeding of garnishment rests wholly upon the effect of the statutory affidavit and summons, in subrogating — so to speak — the plaintiff for the garnishee's creditor; in other words, upon the sufficiency of the affidavit to charge the garnishee with liability to the plaintiff. If that be materially defective, the justice's want of jurisdiction over the subject matter is apparent on the face of the affidavit. And the affidavit, taken as a complaint, discloses no cause of action against the garnishee, no ground of jurisdiction of the proceeding; being defective in a material averment, not cured by verdict or judgment.

Even in courts of justices of the peace, voluntary appearance and submission, without objection, under void process, will cure the justice's defect of jurisdiction over the person of the defendant; but it can go no further. It cannot operate to give

the justice jurisdiction of a proceeding which he could not take without such appearance and submission. His jurisdiction of the subject matter must come by statute; and if the statute makes his jurisdiction of the subject matter dependent on preliminaries or conditions precedent, the justice can take jurisdiction only by force of the statutory preliminaries or conditions precedent. This is well exemplified by the writ of attachment, as mesne process. If the affidavit on which the attachment issues be materially defective, the defendant is entitled to have the action commenced by it dismissed *in toto.* But if the defendant appear and submit without objection, he cures the defect of the process as a personal summons, but not as an attachment of property. The justice takes jurisdiction to render personal judgment against him, but not against the property attached.

Speaking of attachments Mr. Drake says that there is no lawful right to issue one, unless the proper ground be laid by the proper affidavit; and that if there be no affidavit or a defective one, the attachment is *coram non judice* and void. Drake on Attachment, sec. 89. And the general current of authority sustains the remark.

The effect of appearance and submission under a void process against the person rests upon the personal right to waive personal service. And this is a right which a garnishee, as such, has not. He cannot voluntarily appear and substitute his creditor's creditor for his own, because that goes to jurisdiction of the subject, not to jurisdiction of his person.

The principles supporting this doctrine have been frequently considered in this court. *Cox v. Groshong,* 1 Pin., 307; *Quarles v. Robinson,* 2 id., 97; *Lorrain v. Higgins,* id., 454; *Lowe v. Stringham,* 14 Wis., 222; *Whitney v. Brunette,* 15 id., 61; *Lathrop v. Snyder,* 16 id., 293; *Bowen v. Slocum,* 17 id., 181; *Woodruff v. Sanders,* 18 id., 161; *Talbot v. Woodle,* 19 id., 174; *Robertson v. Kinkhead,* 26 id., 560; *Blackwood v. Jones,* 27 id., 498; *Damp v. Dane,* 29 id., 419; *Hohl v. Westford,* 33 id., 323; *Coffee v. Chippewa Falls,* 36 id., 121;

*Fairfield v. Madison M. Co.*, 38 id., 346; *Trowbridge v. Sickler*, 42 id., 417; *Darling v. Conklin*, id., 478.

Nearly all these cases recognize the principle, that appearance and submission can go to confer jurisdiction of the person only, and not of the subject matter, and some of them are directly in point to sustain the position under discussion. One or two of them, however, appear to lean to the doctrine, that, in some special proceedings before a justice of the peace, where his jurisdiction is dependent upon a statutory affidavit as a condition precedent, appearance and submission may cure material defects in the affidavit, and confer jurisdiction on the justice, as well of the subject matter as of the person.

*Blackwood v. Jones, supra,* was a proceeding by attachment, as mesne process, before a justice of the peace. The affidavit did not follow the statute in terms, by stating that the indebtedness of the defendant was upon contract, express or implied. The affidavit, however, disclosed that the demand was for labor and services. That was equivalent to an averment in the terms of the statute. *Ruthe v. Railroad Co.,* 37 Wis., 344. The judgment of the court sustaining the attachment was therefore correct. But, unfortunately, a wrong reason seems to have been given for it. It was said that the attachment was void for want of the statement that the demand was *ex contractu,* in the very words of the statute. This is overruled by *Ruthe v. Railroad Co.* But it was added that his appearance waived the defect in the affidavit and gave jurisdiction of his person, and that the statute gave jurisdiction of the subject matter. In *Fairfield v. Madison M. Co.,* the proceeding was upon a similar attachment before a justice of the peace. No specific objection to the affidavit on which the attachment issued, is made in the brief of counsel, and no copy of it is given in the printed case. The affidavit itself has been remitted in the record to the court below. The objection to the proceeding urged here was, that an attachment would not issue for unliquidated damages. Whether this fact was disclosed by the affidavit, does not appear. But the position is wholly untenable. Attachments may issue upon

contracts where the damages rest in *quantum meruit* or *quantum valebat*, which are, of course, unliquidated. But the opinion inadvertently states that the defendant's appearance and submission cured all defects in the process. The report of the case is quite obscure, and might, unfortunately, be taken as reässerting the doctrine of *Blackwood v. Jones*. Both cases appear to have been correctly decided, though the reasons assigned are untenable.

If the doctrine of *Blackwood v. Jones* were correct, the defendant, not the statute, would confer jurisdiction in such cases. Statutory conditions to special jurisdiction cannot be annulled by consent or waiver of parties. The special jurisdiction of a justice of the peace, in special cases, under special conditions, without which the state does not confer jurisdiction, cannot be conferred by the submission of the party. His submission subjects his person to the jurisdiction of the justice, but has no power to supply the statutory conditions of jurisdiction of the subject matter. And so far as the doctrine of *Blackwood v. Jones* and *Fairfield v. Madison M. Co.* is in conflict with these views, it must be considered overruled.

A great number of the cases in other states bearing on the question, cited in Mr. Drake's work, have been examined and considered. It would be difficult, if not impossible, to reconcile them all. But the great weight and current of authority elsewhere appears to be in conformity with the positions here taken. See Drake on Attachment, sec. 451a et seq.; sec. 89 et seq. It is not deemed necessary here to discuss any of these cases, or make more detailed reference to them.

The action was therefore properly dismissed, and the judgment of the court below must be affirmed.

*By the Court.* — Judgment affirmed.