WILLIAM PAINE, Appellant, *v.* ELIZABETH W. ALDRICH, Impleaded, etc., Respondent.

In an action to set aside a deed on the ground that the grantor was, at the time of its execution, *non compos mentis, held*, that the opinion of a witness not an expert as to the mental capacity of the grantor, or as to whether he was rational or irrational, was incompetent as evidence, although based upon specific acts of the grantor, seen by the witness, conversations with him, and the witness' personal observations.

This class of evidence is admissible only upon the question as to whether the acts and conversations were those of a rational or irrational person. *Holcomb* v. *Holcomb* (95 N. Y. 316), distinguished.

Several persons were made defendants who were interested as subsequent grantees, holding portions of the premises in question under separate deeds. *Held*, that a refusal of the court to postpone the trial of the issues joined between plaintiff and one of the defendants until the others had been served and their time to plead had expired was not error; that it was a matter within the discretion of the trial court.

(Argued March 22, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 15, 1891, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The following is the opinion in full:

"The plaintiff, as one of the principal legatees and devisees in the will of his grandfather, John Paine, seeks to set aside a conveyance made by the testator May 28, 1885, six months before his death, by which he conveyed to Elizabeth Noble certain valuable real estate in New York city between 63d and 64th streets and 10th and 11th avenues, and at the time of the estimated value of $250,000, but upon which there was a mortgage of $70,000. The deed is assailed upon the alleged ground that the grantor was *non compos mentis* at the time of its execution.

"The consideration of the conveyance was the grant to Paine by Mrs. Noble of certain premises on 57th street in the same city, occupied as an apartment house, known as 'The Grenoble,' which was estimated in the exchange to be worth $600,000, and upon which there was a mortgage of $300,000,

and upon which Paine executed to Mrs. Noble, at the time of the conveyance to him, a second mortgage of $70,000.

"This action was commenced June 4, 1889.  Mrs. Noble mortgaged the 63d street property to the Mutual Life Insurance Co. soon after its conveyance to her, and on June 13, 1885, conveyed the premises to one William B. Coates.

"It seems to have been unimproved property and was divided up into several lots and portions of it conveyed to different persons, and mortgages given and foreclosed.  On April 8, 1889, the defendant, Elizabeth W. Aldrich, became the purchaser of a portion of the premises for the consideration of $300,000, subject to a mortgage to the Mutual Life Insurance Co. of $100,000.  It is not claimed that she had any notice or knowledge of the alleged mental incompetency of John Paine when he executed the deed to Mrs. Noble in 1885.

"All the transactions relating to this property are matters of public record and, presumably, the plaintiff had knowledge that the grantees of John Paine were dealing with it as if they had an unimpeachable title, and that innocent purchasers were making investments upon the faith of such title, and no objection is shown to have been made by him, or any claim preferred that the deed of Mrs. Noble was for. any reason void, and no explanation has been made of his conduct in delaying to bring this action for a period of over three years and six months after his grandfather's death.  It appears that the mortgage upon the Grenoble property given by John Paine as a part of the consideration of the exchange of property, was foreclosed in 1886.  Presumably his executors and devisees, including the plaintiff, were made parties.  Whether any defense was interposed by the plaintiff does not appear, except inferentially.  The plaintiff put in evidence a notice of appeal from an order in the foreclosure action denying a motion made by him to open the judgment therein.  It is evident that the same facts which would have sustained this action to set aside the deed to Mrs. Noble would have constituted a defense to the foreclosure action.

"The plaintiff in his complaint alleges a conspiracy between William Noble, Elizabeth Noble and one Sears, the agent of John Paine, by means of which the execution of this deed

was procured, and in consequence of which the grantor and his heirs and legatees suffered loss and damage to the amount of $180,000. There is no allegation that the parties to this conspiracy are insolvent or unable to make restitution, or that the plaintiff has not an adequate legal remedy by means of which he might recover the value of the property lost, without recourse to innocent purchasers.

" While all these circumstances may not operate as a bar to a recovery here, they may, and should be, taken into account by a court of equity, and are of such a character as to require clear and conclusive proofs of the mental capacity of plaintiff's testator when the act in question was done. Such proofs, we think, were not furnished.

" It is true it was shown that Mr. Paine was ninety-two years of age ; that he had many physical infirmities, due to his advanced years, with the consequent impairment of the mental faculties ; but witnesses of equal credibility differ widely as to the extent of this impairment. Even much of the testimony of plaintiff's witnesses is susceptible of conflicting inferences upon this point. This court cannot discuss or weigh the evidence. We can only look into it for the purpose of determining whether it was sufficient to present an issue of fact for the decision of the trial court. We have done so, and are satisfied that enough was shown to support the conclusion that the grantor had such mental capacity at the time of the execution of the deed that he could collect in his mind without prompting, all the elements of the transaction and retain them for a sufficient length of time to perceive their obvious relations to each other, and to form a rational judgment in regard to them.

" We have carefully examined the exceptions taken to the exclusion and admission of evidence offered upon the trial, and are of the opinion that no such errors were committed as to require a new trial of the action. Much of the matter excluded related to the conclusions or opinions of non-expert witnesses, and was clearly inadmissible. The question put to the witness Cornish was not brought within the rule laid down by this court in *Holcomb* v. *Holcomb* (95 N. Y. 316), and kindred cases. The witness had testified to some extended conversations with Mr. Paine, comprising negotiations for a business

transaction of an important character, and had stated, with some detail, what he had observed, what had been said and what Mr. Paine did, and he was then asked: 'From his acts that you saw there in your conversation with him, what opinion, if any, did you form as to his mind?' Objection was made and sustained, when this question was asked: 'Taking into consideration these facts that you have stated here in your testimony to-day, which you learned from your contact with Mr. Paine and from his conversations with you, what impression did he give you as to whether or not he was rational or irrational?' An objection to this question was also sustained. The court then put the following question: 'From the conversations you had with him and from his actions, his acts in your presence, were those conversation or those acts those of a rational or an irrational man?' which the witness answered in his own way.

"The trial court applied the correct rule in regard to this class of evidence. The witness was a layman and could not properly give an opinion as to the mental capacity of the grantor, or as to whether he was rational or irrational, even when such opinion might be based upon specific acts and conversations, and his personal observations. He could state the acts and conversations of which he had personal knowledge, and then be permitted to say whether, in his judgment, such acts and conversations were rational or irrational, or were those of a rational or irrational person. This is the extent to which any of the cases have gone, and the tendency is to limit rather than enlarge the rule, because, even in its present form, it is an infringement of the fundamental law of evidence that a witness, who is not an expert, shall not be permitted to testify to his conclusions or opinions as to an issuable fact.

"There was no reviewable error in the refusal of the court to postpone the trial of the issue between the plaintiff and the defendant Aldrich until other defendants had been served and their time to plead had expired. It was a matter relating to the conduct of the action which rested entirely in the discretion of the court to which the application was made. Sufficient time had elapsed since the commencement of the action to enable the plaintiff, with the exercise of due diligence, to pro-

cure service upon all the necessary parties. The defendant Aldrich had not been made a party and she was compelled, for her own protection, to apply to be brought in. The existence of the *lis pendens* seriously obstructed her disposition of the property. She had title to only a part of the premises involved in the action and, according to the allegations of the complaint, was the only person interested in the event thereof who stood in the attitude of an innocent purchaser. The judgment does not conclude the plaintiff as to any other party, or as to the residue of the property, nor is the *lis pendens* canceled or discharged, except as to the defendant Aldrich, and, therefore, no substantial right of the plaintiff was invaded by compelling him to go to trial at that time.

"The order and judgment appealed from must be affirmed, with costs."

*L. Laflin Kellogg* for appellant.

*Geo. Putnam Smith* for respondent.

MAYNARD, J., reads for affirmance.
All concur, except GRAY, J., not voting.
Judgment affirmed.