### B. F. BAUMGARDNER *vs.* DOWAGIAC MANUFACTURING Co.

Submitted on briefs June 10, 1892.   Decided July 1, 1892.

**For what Claims an Attachment May Issue.**

> An attachment may be issued in justice's court in an action upon con-
> tract in which the damages claimed are unliquidated.

**Affidavit Construed.**

> The affidavit for attachment in this case *held* substantially in conform-
> ity with the requirements of the statute.

Appeal by defendant, Dowagiac Manufacturing Company, from a
judgment of the District Court of Clay County, *Searle,* J., entered
July 23, 1891, against it for $93.05 and costs.

This action was begun by plaintiff, B. F. Baumgardner, in the
court of a justice of the peace.   Defendant was a nonresident cor-
poration, and in March, 1890, sold plaintiff a grain drill, and war-
ranted the machine to do good work.   Plaintiff claimed that this
warranty was broken, and that he was damaged $90.   He made
affidavit, and a writ of attachment was issued.   Under it the con-
stable seized property belonging to the corporation.   The summons
was published, and on the return day defendant appeared specially
and moved to dismiss the action for insufficiency of the affidavit
for attachment.   The motion was denied, and plaintiff obtained
judgment.   The defendant appealed to the District Court on ques-
tions of law alone.   There the judgment was affirmed, and it ap-
pealed to this court.

*Mahnken & Greene,* for appellant, cited *Curtis* v. *Moore,* 3 Minn.
29, (Gil. 7;) *Torkelson* v. *Jorgenson,* 28 Minn. 383; *Lathrop* v.
*Snyder,* 16 Wis. 293.

*W. B. Douglas,* for respondent, cited *Hart* v. *Barnes,* 24 Neb.
782; *Farmers' Nat. Bank* v. *Fonda,* 65 Mich. 533; *Roelofson* v. *Hatch,*
3 Mich. 277.

VANDERBURGH, J.   This action was commenced by attachment in
justice court against a nonresident corporation.   The defendant as-
signs as error that the affidavit for the attachment was fatally de-

fective, and that the court had no jurisdiction, especially because it does not state that the debt is due upon contract, express or implied, and fails to show with sufficient certainty the amount of the indebtedness claimed.

The statute requires that the affidavit should state that the defendant is indebted to the plaintiff in a sum exceeding five dollars, and specifying the amount of such indebtedness, as near as may be, over and above all legal set-offs, and that the same is due upon contract, express or implied, etc.   1878 G. S. ch. 65, § 98.   The affidavit is carelessly drawn, and is certainly no improvement upon the language of the statute; but it is substantially in conformity with it, and is sufficient.   It states that the defendant is indebted to plaintiff "in a sum exceeding five dollars, to wit, the sum of ninety dollars, as nearly as he can ascertain the same, over and above all legal set-offs;" and that "the same is due upon contract for breach of warranty, and contract in the sale of a certain drill, made about March 29, 1890."

This will be interpreted as stating an indebtedness in the nature of unliquidated damages for the sum of $90, growing out of breach of warranty in a contract for the sale of a drill.   Where the statute is so plain there can be little excuse for departing from it, but the plaintiff's meaning in this case is sufficiently clear, the amount of the indebtedness is stated with sufficient accuracy, and the facts sworn to bring the case within the jurisdiction of the justice.   The object of requiring the affidavit to show that the cause of action is upon contract, either express or implied, is to make it clearly appear that it is not for a tort.   *Elliott* v. *Jackson*, 3 Wis. 649.   It sufficiently appears to be for breach of contract in this case.   *Ruthe* v. *Green Bay & Minn. R. Co.*, 37 Wis. 345; *Steen* v. *Norton*, 45 Wis. 418, 419.

We think an attachment may issue where the amount claimed to be due for breach of contract is unliquidated, as must from the nature of the case frequently occur in actions upon implied contracts, as, for example, upon a *quantum meruit* or a *quantum valebant*.   *Steen* v. *Norton, supra.*

Judgment affirmed.

(Opinion published 52 N. W. Rep. 964.)