JACOB H. LOWENSTEIN *vs.* MARIE GREVE *et al.*

50 383
63 379

Argued June 3, 1892. Decided July 1, 1892.

**Continuance, when it will be Reviewed and Reversed.**

> To warrant a reversal by this court for alleged error on the part of the trial court in refusing to grant a continuance, it must appear that there was an abuse of discretion in refusing the application.

**Same—Witness not Heard from for Ten Years.**

> The court is not bound to grant a continuance where it is altogether conjectural whether the absent witnesses are living, or, if so, where they reside, or when, if at all, their evidence can be procured.

Appeal by plaintiff, Jacob H. Lowenstein, from a judgment of the District Court of Ramsey County, *Cornish*, J., entered June 11, 1891.

Action under 1878 G. S. ch. 75, § 2, to determine the adverse claims of defendants Marie Greve, Sarah W. Kalman, Doretta Dupuy and others, to a lot in St. Paul. The defendants set forth their claims to the lot and asked judgment quieting their title. The issues came on for trial on June 1, 1891, and plaintiff moved the court to continue the action, postpone the trial, until the next term of the court; on the ground of the absence of Emanuel Wolf and Jacob Beck, material and necessary witnesses, and who testified on the trial of *Greve* v. *Coffin*, 14 Minn. 345, (Gil. 263,) to facts which are also material in this action. The affidavit for the continuance stated that "the last known of them was, some ten or twelve years ago Wolf was a resident of Belleville, Ohio, and Beck of Chattanooga, Tennessee; that the postmaster at each place had been written to for information as to the whereabouts of the witnesses, but no information had been obtained."

The trial court refused to postpone the trial, and, when the action was reached on the calendar, received the evidence of defendants and made findings and ordered judgment quieting and confirming their title. From the judgment entered thereon plaintiff appeals, and assigns as error the refusal to postpone the trial.

*S. Meyers*, for appellant.

Plaintiff's title depends upon a conveyance executed by Levi Greve, through M. H. Schwartzenberg, his attorney in fact, to Nathan Schwartzenberg, June 26, 1855. Defendants claim title through a quitclaim deed executed June 20, 1870, by Levi Greve to Marie Greve. This court in *Greve* v. *Coffin*, 14 Minn. 345, (Gil. 263,) held the power of attorney under which the deed was made to be insufficient. The question again arose in *Allis* v. *Goldsmith*, 22 Minn. 123, in which action a ratification by Levi Greve of said conveyance was shown. The property in question here, was included in the same conveyance and ratification mentioned in those cases, but the property involved in this case was not conveyed to Marie Greve until June 20, 1870, and the evidence which plaintiff sought to obtain was for the purpose of showing ratification and notice. Under all the circumstances .the refusal to postpone the trial was certainly an abuse of discretion. *Wright* v. *Levy*, 22 Minn. 466; *Gonring* v. *Chicago, Mil. & St. P. Ry. Co.*, 78 Wis. 16; *Johnson* v. *Mills*, 31 Neb. 524; *Johnson* v. *Dinsmore*, 11 Neb. 391; *Parks* v. *Council Bluffs Ins. Co.*, 70 Iowa, 655.

*Lusk, Bunn & Hadley*, for respondents.

The title to the property in question has stood in the names of the defendants, and the names of their grantors, for thirty-seven years. In this action plaintiff expects to prove his title by testimony of witnesses of the oral ratification of a conveyance, made by an attorney without authority. Such ratification, it is claimed, occurred July 5, 1855. Levi Greve, who it is claimed made the ratification, is dead. M. H. Schwartzenberg, the person who made the conveyance in Greve's name, is dead, and Emanuel Wolf and Jacob Beck, the two witnesses who the plaintiff claims, will testify to such ratification, may or may not be alive. Various attempts have been made through the courts to uphold this same conveyance made by Schwartzenberg in the name of Greve, but they have all failed, and the whole matter was supposed to be at rest, until the plaintiff commenced this action,

and placed a cloud on defendants' title. Under these circumstances it is proper that the court should compel the plaintiff to stand upon his strict legal rights; and when matters come before it for the exercise of its discretion, that discretion should be used not for the assistance of such litigation, but rather to discourage and put an end to it.

The plaintiff was not entitled to an order of the court dismissing this case, because he had not given any notice of such motion. The motion to dismiss was only made after denial of motion to continue over the term. The statute expressly says such a motion must be made on notice to the other party. When notice of motion is necessary, it must be served eight days before the time appointed for hearing. Nor was sufficient cause shown for allowing the plaintiff to dismiss his action. The only cause shown was that he had not the requisite proof to establish his case.

VANDERBURGH, J. The plaintiff claims title to the land in controversy, and seeks to have the adverse claims of the defendants determined. The answer sets up title to the land in certain of the defendants, and asks an affirmative judgment barring plaintiff's claim, and adjudging the title to be in such defendants.

Issue was joined about February 15, 1891, and the case came on for trial at the June term following, in the district court of Ramsey county.

The plaintiff then moved for a continuance, on the ground of the absence of witnesses, and the motion was denied. There was no such case of clear abuse of discretion on the part of the trial court in refusing to grant the continuance as to warrant the interposition of this court. The plaintiff's attorney in his application names two witnesses whose attendance is desired, but whose residence is unknown, and who have not been heard of, as far as he has been able to learn, for ten or twelve years. They were, when last heard of, residents, the one of Bellevue, Ohio, and the other of Chattanooga, Tenn.; and the plaintiff's attorney has not been able, by correspondence, to get any further information in respect to them.

He does not know when, if ever, they can be got, or that they are

alive; and, besides, the affidavit shows that the transaction affecting the title to the real estate in question, and in respect to which the witnesses are expected to testify, took place nearly forty years ago. And the general statement that he is informed by other persons that they will shortly be able to give some information about the witnesses was altogether too indefinite to be of any value as evidence on the application.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 964.)

