JOHN T. WEST v. PATRICK M. HENNESSEY and Others.[1]

January 8, 1896.

Nos. 9657—(239).

### Continuance—Absence of Witness.

A motion, on behalf of the plaintiff, to continue this action on account of his voluntary absence and the absence of a witness was properly denied by the trial court.

Appeals by plaintiff from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial and also from a judgment dismissing the action. Affirmed.

*F. D. Larrabee,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondents.

START, C. J.[2] On January 23, 1895, this cause was called in its order for trial in the district court of Ramsey county, and thereupon the plaintiff, by his counsel, moved the court for a continuance of the cause to the May general term of the court on the grounds. set forth in his affidavit, hereinafter examined. This motion was denied, and, the defendants being ready for trial, the court dismissed the cause on their motion, plaintiff failing to prosecute the same. The plaintiff appeals from an order denying his motion for a new trial, and also from the judgment entered upon the order dismissing the action.

---

[1] Reported in 65 N. W. 639.          [2] Canty, J., took no part.

The only question for our decision is whether it was an abuse of discretion for the trial court to deny the plaintiff's motion for a continuance. Lowenstein v. Greve, 50 Minn. 383, 52 N. W. 964. The application for the continuance was based upon the affidavit of plaintiff's attorney and exhibits, which disclose three alleged grounds for a continuance, viz. the absence of a material witness, the absence of the plaintiff, and the absence of assistant counsel. Assuming that the affidavit shows that the testimony of the witness was material to the plaintiff's cause, yet it shows no reason for a continuance over the term on account of the nonappearance of the witness. A subpœna issued on January 15, 1895, was served on the witness at the city of Minneapolis on January 21, and there is nothing in the record to show that when this case was called for trial the witness was not in Minneapolis, within reach of the process of the court. If the plaintiff's application had been for an attachment to bring the witness before the court to testify, and to defer the trial until the process was returned, and the court had refused the application, there might then have been reason for the claim that it was an abuse of discretion. No such application was made, but a motion to continue the cause over the term. The fact that the plaintiff had, by reason of prior engagements, been compelled to go out of the state, and could not be present at the trial, states no ground for a continuance, for a party to an action must so arrange his engagements that he can be present at the trial of his cause, if he deems it for his interest or pleasure to do so. The business of the court and of his adversary are quite as important as his own. Inability of assistant counsel to be present was no reason for the continuance. There was no claim made that such counsel alone was advised as to the law and facts of the case, and able to present them intelligently to the court. In a sentence, the real ground for the continuance was that the business and convenience of the plaintiff, his witness, and counsel would be served by the continuance, and the trial court properly exercised its discretion in refusing to continue the case.

Order and judgment affirmed.