HORACE L. KENT, Respondent, v. GEORGE H. FRASER, Appellant.

Second Department, February 8, 1918.

Practice — trial — indefinite postponement because absent witness is in Germany.

A motion for an indefinite postponement of a trial on the ground of the absence in Germany of a material witness calls for an exercise of discretion by the trial court.

The trial court did not err in an exercise of discretion by denying the defendant's motion for an indefinite postponement of trial where the moving affidavits allege that the absent witness was a resident of Berlin when the present war was declared and is believed to be in Germany, etc., and that it is impossible to communicate with him, there being nothing to show where the witness is or whether he is still alive.

APPEAL by the defendant, George H. Fraser, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 14th day of December, 1917, denying his application for an indefinite postponement of the trial on the ground of the absence in Germany of an alleged material witness.

*Almet Reed Latson,* for the appellant.

*I. R. Oeland,* for the respondent.

JENKS, P. J.:

The motion called for an exercise of discretion by the trial court. (*Paine* v. *Aldrich,* 133 N. Y. 544; *Whitney* v. *Whitney,* 76 Hun, 585; *Smith* v. *Alker,* 102 N. Y. 87.) As the question before us is whether the order made was right (Baylies N. T. & App. [2d ed.], 404, citing *People* v. *New York Central & H. R. R. R. Co.,* 28 Hun, 546), we shall not discuss the process by which the learned court reached its conclusion. It appears from the affidavit of the moving party that when the present war between this country and the German Empire was declared, the absent witness was a resident of Berlin, Germany, and, as the affiant is informed and believes, the witness is now in Germany or in the service of the German government and in its army.

It does not appear where the witness is, or, unless the presumption of life applies, whether he still lives. The affiant further states that the testimony of the witness cannot be taken by mail and that it is impossible to communicate with him. Such " utter occlusion " is natural to the state of war, and it must be considered that it will continue during the war. (*The Rapid,* 8 Cranch, 155, 161; *Griswold* v. *Waddington,* 16 Johns. 438, 471, 482, per KENT, C.) We think that the learned court did not err in an exercise of the discretion reposed in it, and that the order should be affirmed. (*Lowenstein* v. *Greve,* 50 Minn. 383; *Carberry* v. *Burns,* 68 Miss. 573. See, too, *Cahill* v. *Hilton,* 31 Hun, 114.)

The order is affirmed, with ten dollars costs and disbursements.

THOMAS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.