Francis B. Ortelere, Individually and as Executor of Grace W. Ortelere, Deceased, Respondent, v. Teachers' Retirement Board of the City of New York, Appellant.

First Department, December 19, 1968.

*Raymond S. Hack* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*A. Mark Levien* for respondent.

TILZER, J. In this action by the surviving spouse of a deceased public school teacher to set aside the retirement application of the deceased by reason of her mental incompetency, the defendant Teachers' Retirement Board of the City of New York appeals from a judgment entered after trial declaring null and void the retirement application and granting judgment against defendant for the amount of the reserve standing to the credit of the deceased at the time of her death on April 8, 1965.

The proof was insufficient as a matter of law to establish that the decedent was mentally incompetent to execute her retirement application and select a retirement allowance. She was never adjudicated an incompetent and at no time required hospitalization. The testimony of her psychiatrist was lacking in probative value since it failed to show any connection between his patient's symptoms of involutional melancholia and mild cerebral arteriosclerosis and the choice made by the deceased of a maximum retirement allowance payable during her life.

Assuming that cognitive capacity is not the sole standard by which competence to contract is measured, but that competence is also to be measured by the ability of the contracting party to make a rational judgment, the choice or option selected by the deceased in the circumstances cannot be said not to have been a reasoned judgment. Some three days before the deceased appeared at the offices of the appellant Retirement Board on February 11, 1965 and executed her retirement application, she wrote to the board stating her intention of retiring on February 12 or February 15: '' In other words, just as soon as possible after I receive the information I need in order to decide whether to take an option or maximum allowance.'' The letter then lists eight questions pertaining to the various alternatives available, expresses thanks for promptness in making the necessary calculations and closes with the statement that the writer would come to the office of the Retirement Board on Thursday, February 11. In the esoteric area of retirement options, this detailed, explicit and extremely pertinent list of questions reveals a mind totally capable of making a choice suited to meet the needs of the retiree and her family. And, when in fact the deceased did appear at the office of the Retirement Board on February 11 and made her choice of maximum payments for her life, further indication of her knowledge of the financial needs of her family is evidenced by the fact that at that time she took a loan for the maximum amount of $8,760.

The plaintiff, the husband of the deceased, failed to sustain the burden incumbent upon him of proving deceased's imcompetence. Indeed, it may be fairly said, considering the deceased's

letter of February 11, 1965, the testimony of the Board of Education physician who examined and spoke with deceased shortly before she retired, and that of the employee who discussed with the deceased her choice of retirement options, that the greater weight of the evidence is with the defendant-appellant. (*Paine* v. *Aldrich*, 133 N. Y. 544, 546; *Moritz* v. *Moritz*, 153 App. Div. 147, 150, affd. 211 N. Y. 580; *Beisman* v. *New York City Employees' Retirement System*, 275 App. Div. 836, affd. 300 N. Y. 580; *Martin* v. *Teachers' Retirement Bd.*, 70 N. Y. S. 2d 593 [Sup. Ct., 1947].)

The judgment should be reversed, on the law and the facts, and the complaint should be dismissed, without costs or disbursements.

CAPOZZOLI, J. (dissenting). The sole question presented on this appeal is whether the deceased, Grace W. Ortelere, was mentally competent on February 11, 1965, when she executed a document whereby she changed her pension option from Option One to an option by which she would receive maximum payments for life, with nothing left over on her death. Briefly, the record shows that the decedent had been employed as a teacher in the New York City Public School System for 37 years and, on June 28, 1958, she executed and filed with the defendant her selection of Option One, in which she named her husband, the plaintiff herein, as beneficiary. She died on April 8, 1965, after having been absent from her teaching assignments from March 26, 1964. From July 1, 1964, until the time of her death, the decedent was under the care of a psychiatrist who testified at the trial and gave details of his treatment and examinations up to the time of her death. It is noteworthy that, at the time of her death, there was a reserve standing to her credit in the sum of $62,000, together with interest accrued thereon, of which the decedent had contributed about $31,000. As a result of the change of option on February 11, 1965, the decedent was allowed two months' pension payments until her death, at which time all payments ceased and her estate completely cut off from any participation in the remaining reserve.

The court below tried this case for two days and both sides were given a full opportunity to litigate the question of decedent's mental incompetency. At the close of the entire case the court reserved decision and made the following observation: "The Court: May I observe for the record, though, that the evidence of mental incompetency is very substantial. You have offered no really credible evidence to rebut it. * * * We have a situation here where a woman obviously and seriously sick emotionally and mentally, and during that sickness retired.

We have had a qualified psychiatrist give his opinion, and we have had no evidence to rebut it.''

Thereafter the trial court, in an opinion, found as a fact that the action taken by the decedent on February 11, 1965, when she changed to the new option, was null and void and without legal effect.

It seems to me that the evidence below presented a fair question of fact for the trial court and, whether or not one might agree with its result, the fact remains that there is no legal reason for reversing the findings of the trial court, in view of the record as it stands.

Therefore, I dissent and vote to affirm.

EAGER, J. P., and STEUER, J., concur with TILZER, J.; CAPOZZOLI, J., dissents in opinion in which McGIVERN, J., concurs.

Judgment reversed, on the law and the facts, and the complaint dismissed, without costs or disbursements to either party, and the Clerk is directed to enter judgment in favor of defendant dismissing the complaint, without costs.