## JOHN SNOWELL *et al.*

*v.*

## JOSEPH E. MOSS.

AMENDMENT—*of complaint in forcible detainer.* It is not error to permit an amendment of a complaint in forcible detainer, on appeal, after the submission of the cause to the court, where the amendment is not calculated to surprise the defendant.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of forcible detainer, brought by Joseph E. Moss, against John Snowell and Henry Snowell. The following is a copy of the complaint:

"STATE OF ILLINOIS, } ss.
    "*Cook County.*      }

"Joseph E. Moss complains, on oath, to N. B. Boyden, Esq., a justice of the peace in and for said county of Cook, that, on or about the 20th day of October, 1872, the following described premises, in the county of Cook, and State of Illinois, to-wit: (description here follows) were let by the said Joseph E. Moss to John Snowell and Henry Snowell, for the term of one year, which term has elapsed and determined, and a demand, in writing, by said Joseph E. Moss, has been duly served upon the said John Snowell and Henry Snowell, by delivering a copy thereof, on the 28th day of October, 1872, to said John Snowell and Henry Snowell, and the said Joseph E. Moss is now entitled to the possession of said premises; and that the said John Snowell and Henry Snowell wilfully, and without force, hold over such possession after the determination of the time for which said premises were let to the said John Snowell and Henry Snowell, and after such notice and demand; wherefore, said complainant prays a summons, in pursuance of the statute.

"JOSEPH E. MOSS."

The Superior Court, on appeal, allowed the plaintiff to amend the complaint, by changing the date of the leasing to 1871 instead of 1872, and so as to show that the demand mentioned was for the possession of the premises.

Messrs. KING, SCOTT & PAYSON, for the appellants.

Mr. NELSON MONROE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of forcible detainer, taken by appeal from a justice of the peace to the Superior Court of Cook county, and there tried by the court without a jury, and judgment of restitution.

It is objected, the court permitted an amendment of the complaint after the cause was submitted to the court, and before trial. The amendment made was not calculated to surprise the opposite party, but was in furtherance of justice, and properly allowed.

The real question in the case is, did appellants promise, unconditionally, to pay rent for one year, to appellee, for these four or five feet of ground? This was a point strongly contested. The parties themselves were sworn, and there was conflict in their statements, which the court reconciled the best way possible, and we can not say improperly.

We can not disturb the finding, and affirm the judgment.

*Judgment affirmed.*