JAMES H. CENTER

v.

JOHN GIBNEY.

FORCIBLE ENTRY AND DETAINER — *waiver of objection to complaint.* Where a complaint, in an action of forcible entry and detainer, had no *jurat* attached to it, and the defendant went to trial before the justice of the peace without making any objection to the complaint, and took an appeal to the circuit court, and there, for the first time, entered a motion to dismiss the suit on account of the defect in the complaint, and, upon that motion being overruled, went to trial without excepting to the ruling of the court, and the transcript of the justice showed that the complaint was sworn to, it was *held*, that, although the filing of a complaint was jurisdictional, the defendant had waived the defect that existed in the complaint.

WRIT OF ERROR to the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. OSCAR A. DELEUW, Mr. A. E. MICK, and Mr. LEROY CARPENTER, for the plaintiff in error.

Messrs. MORRISON & WHITLOCK, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of forcible detainer, brought by John Gibney, against James H. Center, before a justice of the peace of Menard county.

The complaint filed before the justice upon which summons issued does not show upon its face that it was sworn to. The parties appeared before the justice, and went to trial. no objection having been made to the complaint. The plaintiff recovered. The defendant appealed to the circuit court, and there, for the first time, entered a motion to dismiss the suit because the complaint was not sworn to. This motion the court overruled, but no exception was taken to the ruling of the court by the defendant. A trial was had, and again

the plaintiff recovered possession of the premises.    The defendant brings the case here, assigning as error the decision of the circuit court in refusing to dismiss the case because the complaint was not sworn to.

It is urged by counsel for plaintiff in error that the case of *Stalberg* v. *Ohnmacht*, 50 Ill. 442, is decisive of the question raised in this.    In that case, it is held that the filing of an affidavit preliminary to a summons, in an action of forcible entry and detainer, is essential, to give the justice jurisdiction of the subject matter.    In that case, no complaint, in writing, was filed, sworn to or otherwise, which fact distinguishes it from the case under consideration, and hence it can not be regarded as an authority controlling this case.

In this cause, before the summons issued, a complaint, in writing, was filed with the justice, which seems to be regular in all respects, except the *jurat* is omitted.    The transcript of the justice, however, shows that it was sworn to.

The defendant is in no position to take advantage of the omission of the justice to add the *jurat*.    Had he desired to take advantage of the decision of the circuit court in overruling the motion to dismiss on account of the defect in the complaint, he should have excepted to the ruling of the court. This he failed to do, and he can not now insist upon that as error.    *Dickhut* v. *Durrell*, 11 Ill. 72; *Wright* v. *Wheeler*, 55 ib. 528; *Snell* v. *Trustees*, 58 ib. 290.

The case, then, appears in this situation :    The defendant appeared before the justice of the peace, and went to trial without making any objection to the complaint.    In the circuit court, he again submitted to a trial without objection.    The transcript of the justice shows the complaint was sworn to. Under these circumstances, although the filing of a complaint is jurisdictional, we think it but reasonable to hold that the defendant has waived the defect that existed to the complaint.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*