ISAAC EVANS

*v.*

THOMPSON P. BOUTON.

1. JUSTICE OF THE PEACE—*jurisdiction in replevin depends on affidavit.*
In replevin before a justice of the peace, as in forcible entry and detainer,
there must be an affidavit sworn to or affirmed containing all the statutory
requirements, to give the justice jurisdiction to issue the writ, and this must
affirmatively appear, as nothing can be presumed in favor of his jurisdiction.

2. PRACTICE — *time of making dilatory motions.* When the defendant
in an action of replevin does not appear before the justice's court in which
the suit is brought, and the cause is appealed to the circuit court, where the
cause is continued from term to term, but not on the defendant's motion, he
will be in time in moving the court to dismiss the suit for want of an affidavit when the cause is called for trial.

3. Since there is no law making it the duty of a defendant to appear to
a summons issued by a justice of the peace, his non-appearance should
work him no prejudice, and if he makes a motion going to the jurisdiction
at the earliest moment on appeal in the circuit court, he will be in time.

APPEAL from the Circuit Court of Peoria county.

Messrs. VOIGT & McKENZIE, for the appellant.

Messrs. JOHNSON & HEWETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin, before a justice of the peace, for a black
mare, and taken by appeal to the circuit court.

There was no appearance by the defendant in the justice's
court. In the circuit court, the cause having been continued
from term to term, not on appellant's motion, the defendant,
at the March term, 1873, entered his motion to dismiss the
cause for want of an affidavit.

The statute provides, before a justice of the peace shall
issue a writ of replevin, an affidavit shall be filed, showing that
the plaintiff in the action is the owner of the property described
in the writ and about to be replevied, or that he is then lawfully

entitled to the possession thereof, and that the property is wrongfully detained by the defendant, and that the same has not been taken for any tax, assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment, nor held by virtue of any writ of replevin against such plaintiff.

An order had been taken on the magistrate to send up all the papers in the cause, in apparent obedience to which he transmitted to the circuit court, on the 8th of March, 1873, a transcript of his proceedings and papers, which consisted of the summons in replevin, returned "served" on defendant, and replevin bond, and his judgment in the cause. On this same eighth day of March, the cause was called for trial, when the motion was made to dismiss for want of an affidavit.

It is urged against the motion that it came too late, as several terms of the court had passed, and no motion to dismiss was made before the justice of the peace.

It is settled, by repeated adjudications of this court, that defenses or motions of a dilatory character must be made at the earliest moment. Was this motion so made? We think it was. The defendant was not obliged to appear in the first instance before the justice of the peace. He might have been physically unable to appear—he might, from dire necessity, have been compelled to be absent. This being the defendant's right, we know of no statute or adjudication depriving him of this right or curtailing its exercise.

The record does not show the cause was called for trial at any day or term before March 8, 1873, and the moment the cause was called, the motion to dismiss the suit was made. No continuance had been moved by appellant; for aught that appears, the cause had never been reached or called until March 8.

The case cited by appellee, *Tisdale* v. *Town of Minonk*, 46 Ill. 9, holding that a motion to dismiss for want of jurisdiction of the justice of the peace because no complaint was made in writing, comes too late when made for the first time in the

circuit court—that it should have been made at the earliest moment in the justice's court—presupposes there was an appearance of the defendant in the justice's court. So of the case of *Clifford* v. *Town of Eagle*, 35 ib. 444, the inference is, defendant appeared before the magistrate, and failed to make the motion.

It is well settled, nothing is to be presumed in favor of the jurisdiction of a justice of the peace. His transcript and proceedings before him must show on their face he had jurisdiction. Under the order upon him to return all the papers in this cause, he returned everything before him, as we must presume, and among the papers no affidavit such as the statute requires, nor any affidavit, is to be found. Without this affidavit the magistrate had no power to act. The affidavit sets the power in motion. An oath taken before the magistrate will not suffice. There must be an affidavit, an oath or affirmation reduced to writing, sworn to or affirmed before some officer having authority to administer an oath, and it must contain all the statutory requirements. Nothing short of that can confer jurisdiction upon the magistrate. *Stolberg* v. *Ohnmacht*, 50 Ill. 442.

Since no law makes it the duty of a defendant to appear to a summons issued by a magistrate, his non-appearance should work him no prejudice; and if he makes a motion going to the jurisdiction, at the earliest moment, in the circuit court, he is in time, and is entitled to the benefit of his motion.

In this case, there is nothing appearing to show the justice of the peace had jurisdiction. Presumptively he had no jurisdiction, as there is no affidavit among the papers sent up, nor does it appear, in any way, that an affidavit was ever made before the summons issued in replevin.

In our judgment the principles governing the action of forcible entry and detainer are applicable to this. Before a justice of the peace can get jurisdiction in that action, there must be a complaint made in writing, and sworn to by the plaintiff. When that is done the power of the justice is set in motion. Before that, he has no power whatever to act in

the premises or adjudicate. This court said, in *Center* v. *Gibney*, 71 Ill. 557, filing the complaint was jurisdictional, but the objection had been waived by the party. Here has been no waiver, and no pretense of a waiver. The analogy seems to be complete, for forcible detainer is brought to recover the possession of real property, and replevin to regain possession of personal property. In neither case can a justice of the peace act without the affidavit required by the statute. The objection was made by the defendant at the first practicable moment, and he should have the benefit of it.

On principle and authority we are of opinion the motion was in time, and should have been allowed. Refusing to allow the motion was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*