Detroit Safe Co. vs. Kelly.

DETROIT SAFE COMPANY, Respondent, vs. KELLY, Appellant.

*November 7 — November 25, 1890.*

*Replevin: Affidavit: Justices' courts: Jurisdiction: Waiver.*

1. The affidavit for a warrant of replevin in justice's court under sec. 3733, R. S., if not made by the plaintiff, must show on its face that it was made in his behalf; otherwise the justice obtains no jurisdiction of the subject matter.

2. The objection that the justice's court had no jurisdiction of the subject matter of an action commenced therein may be raised at any time, even in the supreme court after there have been trials upon the merits in the justice's court and in the circuit court.

APPEAL from the Circuit Court for *Ashland* County.

Replevin. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This case was commenced in a justice's court. The plaintiff attempted to bring an action of replevin in that court to recover from the defendant the possession of a safe. The case was tried in the justice's court, and the plaintiff recovered a judgment in its favor. From this judgment the defendant appealed to the circuit court of Ashland county. The case was tried in said circuit court, and resulted in a judgment in favor of the defendant. The court set aside that judgment, and the case was again called for trial in said circuit court, and June 17, 1889, judgment was again rendered in favor of the defendant, the plaintiff having failed to appear when the trial was called. This judgment was set aside, and the case again came on for trial, June 20, 1889, and judgment was rendered in favor of the plaintiff.

Before this last trial was had in the circuit court, the counsel for the defendant made the following suggestion to the court: "We think that the affidavit on which this case exists is defective, as shown by the record of the jus-

tice of the peace. It is shown by the return of the officer and dates in the affidavit that the seizure and service of this warrant was made on the 3d day of October, 1887, and that the affidavit was not sworn to until the 4th of October, 1887. We claim that this affidavit is the ground upon which the whole action rests, and that no jurisdiction has been had in the matter." [1] This objection was overruled. After hearing the evidence in the case the jury rendered a verdict in favor of the plaintiff, upon which judgment was rendered in favor of the plaintiff and against the defendant. The defendant appeals to this court.

For the appellant there was a brief by *McNeel & Bushnell*, and oral argument by *T. H. Bushnell*. To the point that the objection that the court has no jurisdiction of the subject matter cannot be waived but may be taken at any time, they cited *Lowe v. Stringham*, 14 Wis. 225; *Steen v. Norton*, 45 id. 416, 417; *Plano Mfg. Co. v. Rasey*, 69 id. 250, 251; *Klaise v. State*, 27 id. 464; *Haight v. Lucia*, 36 id. 361; *Mathie v. McIntosh*, 40 id. 120; *Ohse v. Bruss*, 45 id. 444; *Dykeman v. Budd*, 3 id. 640; *Miles v. Chamberlain*, 17 id. 446; *Conners v. Gorey*, 32 id. 518; *Peck v. School Dist.* 21 id. 518, 521.

For the respondent there was a brief by *Sleight & Foster*, and oral argument by *Richard Sleight*.

TAYLOR, J. Upon the hearing of the case in this court the counsel for the appellant insists that neither the circuit

---

[1] The affidavit was as follows: " H. A. Effener, being duly sworn, doth depose and say that the *Detroit Safe Company*, a corporation, is the owner and now lawfully entitled to the possession of the following described personal property,— to wit: one number four (4) fire-proof safe, combination lock, of the value of eighty (80) dollars; and that the same has been unjustly taken and is unjustly detained by *John Kelly*, and that the same has not been taken for any tax levied by virtue of any law of this state, nor seized under any execution or attachment against the goods and chattels of said *Detroit Safe & Lock Co.*, as aforesaid, liable to execution. H. A. EFFENER."— REP.

court nor the justice's court ever had jurisdiction of the subject matter of this action. This objection is based on the fact that the return of the justice on the appeal to the circuit court shows that the affidavit upon which the action is based was wholly insufficient to justify the justice in issuing the warrant of replevin in the action. The grounds of the objection are that the affidavit made for the purpose of obtaining the warrant of replevin does not show on its face that it was made on the behalf of the plaintiff, and, as the plaintiff is a corporation, it could not make such affidavit itself.

It is true that this objection to the sufficiency of the affidavit is made in this court for the first time, and after three trials of the case upon its merits have been had; but, following many decisions of this and other courts in similar cases, we see no way of avoiding the objection made to the jurisdiction of the justice's court over the subject matter of the action, and the consequent want of jurisdiction of the circuit court on the appeal from the justice's court. The whole authority of the justice's court to try an action of replevin rests upon the statute giving such jurisdiction, and the statute conferring such jurisdiction confers it only upon the condition precedent that an affidavit showing certain things must first be made and filed with the justice. The statute, after stating that the action of replevin in a justice's court shall be commenced by warrant, giving the form thereof, provides, in sec. 3733, R. S., as follows:

"No such warrant shall be issued until an affidavit shall be filed with the justice, made by the plaintiff or some one in his behalf, stating that such plaintiff is then lawfully entitled to the possession of certain personal property, giving a particular description thereof, and of the value thereof, and that the same has been unjustly taken and is unjustly detained (or that the same is unjustly detained, as the case may be) by the defendant, naming him, and that the same

has not been taken for any tax levied by virtue of any law
of this state, nor seized under any execution or attachment
against the goods and chattels of such plaintiff liable to
execution."

The difficulty with the affidavit in the case at bar is that
it fails to show that it was made on behalf of the plaintiff.
It is clear that it was not made by the plaintiff, and it is
equally clear that the defect in the affidavit cannot be sup-
plied by parol evidence showing that the person who made
the same was the agent or attorney of the plaintiff and
made it on its behalf. The jurisdiction of the justice must
appear upon the record of the justice and in the way pre-
scribed by the statute. *Wells v. Am. Exp. Co.* 55 Wis. 23,
34; *Steen v. Norton*, 45 Wis. 412; *Edler v. Hasche*, 67 Wis.
653, 658–9; *Rasmussen v. McCabe*, 46 Wis. 600; *Baker v.
State*, 56 Wis. 575; *McDonald v. Vinette*, 58 Wis. 619.

Although none of the cases above cited were cases of
replevin in justice's court, they must be held applicable to
the case at bar, as the statutes giving jurisdiction to the
justice's court in the cases cited are substantially the same
as that which gives the jurisdiction in a case of replevin.
In the case of *Steen v. Norton*, 45 Wis. 412, the late learned
Chief Justice RYAN expressly included the action of replevin
in a justice's court as coming within the rule laid down in
that case, and as the legislature has, since the decision in
*Steen v. Norton*, interfered to relieve parties from the effects
of the rule established in that case in actions by attach-
ment and garnishment, and has failed to give any relief in
the case of replevin, we are not at liberty to change the
rule, although in the case at bar it may operate harshly
upon the plaintiff in this action. See sec. 2731$a$, S. & B.
Ann. Stats.

By looking into the opinions of other courts upon this
question, it will be seen that the same rule has been applied
to actions of replevin in justices' courts, as has been ap-

plied to attachment and garnishment actions in the courts of this state. Cobbey on Replevin, § 529 *et seq.*, and cases cited; *Evans v. Bouton*, 85 Ill. 579. In the case of *Evans v. Bouton, supra*, the court seems to have held that the defect in the affidavit could be waived by going to trial in the circuit court upon the merits without first moving to dismiss the action for the alleged defect in the affidavit; but this seems to us to be in direct conflict with the decisions of this court, and in conflict with the general rule that consent cannot confer upon the court jurisdiction of the subject matter of the action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to that court to dismiss the action for want of jurisdiction.