## James B. Clow and James M. Johnson v. James H. Gilbert, Sheriff.

/

1. JUSTICE OF THE PEACE—*Jurisdiction Depends upon the Statute.*— The jurisdiction of a justice of the peace depends upon the statute, and it is acquired only in pursuance of it.

2. REPLEVIN—*No Order for a Return of the Property, no Suit on the Bond.*—Where there is no order for a return of the property on the dismissal of a replevin suit, there can be no recovery of damages for the taking or detention of the property, by a suit on the bond.

3. SAME—*Affidavit to Confer Jurisdiction.*—In actions of replevin to confer jurisdiction upon a justice of the peace, there must be an affidavit containing all the requirements of the statute.

4. SAME—*If a Justice is Without Jurisdiction no Order for a Return can be Made.*—In the absence of a proper affidavit, the justice has no jurisdiction, and can not issue a writ of *retorno*. All he can do is to dismiss the suit.

5. Same—*Sufficiency of the Affidavit.*—It is a material averment of an affidavit in replevin that the property has not been seized under any execution or attachment against the goods and chattels of the plaintiff liable to execution or attachment. An affidavit in a replevin suit containing no such averment, is insufficient.

6. Execution Lien—*Not Lost by a Wrongful Taking.*—The lien of an execution or writ of attachment is not lost if the goods levied on are wrongfully taken from the possession of the officer.

7. Replevin Bond—*Suit on, Not the Only Remedy.*—The rule that a suit on a replevin bond is the only remedy of the defendant in a replevin suit has been applied only to the case of a replevy, at the suit of a tenant, of goods distrained for rent by the landlord.

Mr. Justice Gary, dissenting.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding.    Heard in this court at the March term, 1894, and affirmed.    Opinion filed May 28, 1894.

The opinion states the case.

Appellants' Brief, Knight & Brown, Attorneys.

Appellants contended that there is no foundation for a suit in trover in this case.

One of the requisites of a suit in trover is that the right of the property and the right of the immediate possession thereof be in the plaintiff. This rule is so elementary in its character that the citation of authorities in its support is not necessary. Such being the rule of law, this essential element in appellee's case is not present. Montgomery v. Bush, 121 Ill. 523; Vinyard v. Barnes, 124 Ill. 347; Clark v. Norton, 6 Minn. 418; Owens v. Weedmann, 82 Ill. 409.

The appellee herein has no more right to the goods in question now than he had after the replevin writ was served and the goods delivered, at which time he had no more than a right to take possession at some future time, viz., when the court awarded them to him by a writ of *retorno*.

It is not enough to maintain trover that it be merely a right in action or a right to take possession at some future time. Cooley on Torts, 445.

The judgment rendered on the replevin bond is a bar to this suit. Shepard v. Butterfield, 41 Ill. 79.

Courts should take care not to tempt persons to try experi-

ments in one action, and when they fail to suffer them to bring other actions for the same demand. The plaintiff who brings a second action ought not to leave it to nice investigation to see whether the two causes of action are the same. He ought to show beyond all controversy that the second is a different cause of action from the first, in which he failed. Herman on Estoppel, Secs. 211, 212, 229, 256; Seldon v. Tutop, 6 T. R. 607; White v. Simonds, 33 Vt. 178; Day v. Vallette, 25 Ind. 42; Kreuchi v. Dehler, 50 Ill. 176.

The sheriff, being but the qualified owner or custodian of the goods, can not maintain trover for their conversion. He has no remedy but on the replevin bond. Bruner v. Dyball, 42 Ill. 34; Speer v. Skinner, 35 Ill. 282.

APPELLEE'S BRIEF, ARND, EVANS & ARND, ATTORNEYS.

The suit on the replevin bond is no bar to the action in trover. Atchison, etc., R. Co. v. Commissioners, 12 Kan. 135; Merrin v. Lewis, 90 Ill. 505.

There is foundation for the suit even if no *retorno habendo* was awarded in the replevin suit. Evans v. Bouton, 85 Ill. 579; Rev. Stat. of Ill., Chap. 119, Sec. 4; Cobbey on Replevin, p. 689, Sec. 1209; Wells on Replevin, p. 413, Sec. 766; Vogel et al. v. The People, 37 Ill. App. 388; Bruner v. Dyball, 42 Ill. 34; Cobbey on Replevin, p. 661, Sec. 1159; Howitt v. Estelle, 92 Ill. 218; Simpson v. Wren, 50 Ill. 222; Mead v. Miller, 78 Ill. 62.

A sheriff can maintain trover for conversion of goods on which he has levied; he is not confined to his remedy on the replevin bond. Melheiser v. Lane, 82 Ill. 117; Atkins v. Moore, 82 Ill. 230; Eisendrath v. Knauer, 64 Ill. 401; Berthold v. Quinlan, 68 Ill. 297; Owings v. Kneadman, 82 Ill. 409; 1 Chitty, Pleadings, p. 149; Bradwell v. Paradice, 81 Ill. 474; Wilbraham v. Snow, 2 Saund. 47a; Burkle v. Luce, 1 N. Y. 163.

A defendant in a replevin suit is not confined to his remedy on the bond; in other words, "His remedy on the replevin bond is not exclusive." Bruner v. Dyball, 42 Ill. 34.

The mere taking possession of property under a writ of replevin by the plaintiff herein does not affect the ownership thereof; that can only be determined by trial and the judgment of the court; so if the plaintiff in replevin, after having obtained possession of the property of another, dismisses his suit without a trial upon the merits, the owner may maintain trover or replevin against him and have the right determined. His remedy upon the replevin bond is not exclusive. Bruner v. Dyball, 42 Ill. 34; Howitt v. Estelle, 92 Ill. 218.

A person claiming to own property should not be permitted to get possession by fraud and then refuse to restore it, because he claims to own it. Simpson v. Wren, 50 Ill. 222; Mead v. Miller, 78 Ill. 62.

Without an affidavit, the magistrate has no power to act. From it, he obtains his jurisdiction and it must contain all the statutory requirements. Evans v. Bouton, 85 Ill. 579.

Trespass or trover lies at the suit of a sheriff or constable who has seized goods on execution against a wrongdoer. If an officer reduces personal property to possession by a levy under an execution, and any one dispossesses him, he may recapture it or recover the value of his special interest in it, in an action of trover. Melheiser v. Lane, 82 Ill. 117; Atkins v. Moore, 82 Ill. 240.

It is the recognized law that a person having a special property in goods, as a sheriff, carrier, warehouseman, pawnee, trustee, etc., or any person who is responsible over to his principal, may maintain trover against a stranger who takes them out of his actual possession. Eisendrath v. Knauer, 64 Ill. 401; Berthold v. Quinlan, 68 Ill. 297; Owens v. Weedman, 82 Ill. 409; 1 Chitty on Pleadings, 149.

By the seizure of goods under execution, the sheriff acquired a special property in them, and may maintain an action of trespass or trover against any one who wrongfully takes them away. Bradwell v. Paradice, 81 Ill. 474; Wilbraham v. Snow, 2 Saund. 47a.

Where property is levied on by virtue of an execution, is replevied and the replevin suit abates the lien, and execution

revive and the sheriff may retake it by virtue of the former levy.    Burkle v. Luce, 1 N. Y. 163.

A party having a special property in articles replevied, is entitled to recover against a stranger having no interest therein, not merely to the extent of his special, but to the full value of the property, and the excess beyond his special interest, he will hold in trust for the general owner.    Atkins v. Moore, 82 Ill. 240.

Mr. Justice Waterman delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court, rendered there upon a trial had upon an appeal from a judgment rendered by a justice of the peace.

Appellants had, in an action of replevin begun before a justice of the peace, taken away from the possession of appellee certain property; that action of replevin had been dismissed by the justice, but no writ of *retorno* had been awarded.    Appellants not having returned the property it was demanded from them by appellee and upon their refusal the present action was brought.

The principal contention of appellants is, that no writ of *retorno* having been issued by the justice, the present action can not be maintained.

The justice of the peace had no jurisdiction of the action of replevin brought by appellants, either to proceed with the suit or to issue a writ of *retorno;* the justice could, in that action, only do what he did—dismiss the suit; because the affidavit filed by appellants was insufficient to authorize the bringing of an action of replevin.    The statute concerning replevin provides that before the writ issues the person bringing such action shall file an affidavit showing, among other things, that the property described in the writ and about to be replevied has not been seized under any execution or attachment against the goods and chattels of the plaintiff liable to execution or attachment; the affidavit filed by appellants contained no such averment; it therefore was insufficient to authorize the issue of the replevin writ.    The

jurisdiction of a justice of the peace not only depends upon the statute, but it is acquired only in pursuance of the statute. While it is perhaps the case that having inadvertently or mistakenly issued a writ of replevin upon an insufficient affidavit, the justice might permit such affidavit to be amended, and after amendment proceed with the cause, yet he would not have jurisdiction to proceed with the cause and render a binding judgment therein, until an affidavit in accordance with the statute was filed. No amended affidavit was filed, and the justice being without jurisdiction to do otherwise than dismiss the suit, could not award a writ of *retorno*.

The opinion of Judge Adams, before whom the cause was tried, states the facts and the law clearly. It is as follows:

James H. Gilbert  } In the Circuit Court of Cook County.
    vs.               } Opinion of the Hon. Francis Adams.
Clow et al.        }

This is an appeal suit which was tried by the court, a jury being waived by the parties. The facts appearing in evidence are as follows:

1. March 30, 1892, a writ of attachment issued out of this court at the suit of James B. Clow, Will E. Clow and James M. Johnson (doing business under the firm name of James B. Clow & Son) against one Wm. T. Woodley. The sheriff made a return of the writ, dated April 15, 1892, showing that March 30, 1892, he served the writ by levying on the interest of Woodley in certain goods and chattels mentioned in the return, among which are nine enameled bath tubs and stands, and nine bath covers. The return also states that the nine bath tubs, stands and covers were taken from the sheriff by constable John Noonan on a writ of replevin, issued by Justice Glennon, April 2, 1892.

March 28, 1892, a writ of attachment issued out of this court at the suit of the J. L. Mott Iron Works against the said Woodley. The sheriff's return to this writ, of date April 15, 1892, shows a levy made March 28, 1892, on the same goods and chattels levied on in the first mentioned attachment suit. The last mentioned writ was the first

levied.    The returns on both writs are substantially the same.

2.    April 2, 1892, a writ of replevin was sued out of Justice Glennon's court by James H. Clow, Will E. Clow and James M. Johnson (composing the firm of James B. Clow & Son) against James H. Gilbert, the plaintiff in this suit, and Woodley, to recover nine bath tubs and rims.    The affidavit for the writ was made by James M. Johnson, one of the defendants in this suit.    The constable's return on the writ of date April 2, 1892, shows that he executed it by taking the property thereon described and delivering it to the plaintiffs in the writ and by reading, etc.    The writ was returnable April 8, 1892, but the suit was continued by the justice from time to time till May 9, 1892, when it was dismissed.    There was no order or judgment for a return to the defendant of the replevied property.    June 11, 1892, James H. Gilbert and Woodley sued out a summons in Justice Glennon's court against James Clow, Will E. Clow, James M. Johnson and Clarence Knight on a demand for $200.    The summons was returnable June 17, 1892, but was continued then, and from time to time until July 15, 1892, when it was dismissed on motion of the plaintiffs.    It was assumed on argument that the last mentioned suit was on the replevin bond, but there is nothing in the record to show what was the subject-matter of the suit.

May 29, 1893, James H. Gilbert, the sheriff, sued out a summons from George P. Foster, a justice of the peace, against James B. Clow and James M. Johnson on a demand not exceeding $200.    The summons was returnable June 6, 1893, on which date a change of venue was taken to Justice Everett, and such proceedings were had that June 17, 1893, a judgment was rendered for the plaintiff for $200, from which judgment the present appeal was taken.    The suit was tried as in trover, both in the justice court and here.

It was proved on the trial that prior to the commencement of the suit, demand was made on the defendant, Johnson, for the goods in question, in response to which he said his firm had sold them.    The plaintiff relies on the legal

possession of the sheriff, as shown by the attachment writs and the returns thereof, upon the demand and refusal above mentioned, and upon the wrongful taking of the goods in the replevin suit. The defendant offered no evidence of ownership of the property and relies on the supposed weakness of the plaintiff's case. Several questions of law have been raised on the argument and elaborately argued. It is claimed by the defendant's counsel that the plaintiff's remedy is limited to a suit on the replevin bond; that this is his exclusive remedy. There was no order for a return of the property on the dismissal of the replevin suit, and it is admitted that, in the absence of such order, there can be no recovery of damages for the taking or detention of the property, on a suit on the bond, so that a suit on the bond would be practically ineffective. To this proposition defendant's counsel ingeniously reply that it must be presumed that the justice, under Sec. 22 of the Replevin Act, found that the plaintiff, pending the suit, had become entitled to the possession of the property, citing Vineyard v. Barnes, 124 Ill. 346.

There would be some force in this argument, if it appeared that the justice had jurisdiction, but an examination of the affidavit in the replevin suit shows that he had not. It is a material averment in an affidavit in replevin that the property has not been seized under any execution or attachment against the goods and chattels of the plaintiff, liable to execution or attachment. The affidavit in the replevin suit contains no such averment. The averment, apparently substituted for the required statutory averment, is that the property had not been seized under any execution or attachment against the goods and chattels of William T. Woodley, which is not only insufficient, but contrary to fact. In order to confer jurisdiction on the justice, there must be an affidavit containing all required by the statute. Evans v. Bouton, 85 Ill. 579–581.

In the absence of such an affidavit, he had no jurisdiction, and could not order or issue a writ of *retorno*. All he could do was to dismiss the suit. Vogel v. The People, 37 Ill. App. 388.

How, then, stands the case? The sheriff, the plaintiff in the case, was lawfully in possession of the goods, by virtue of his levy of the writ of attachment, and had a special property therein; the defendants, under color of legal process, issued in a case in which the justice had no jurisdiction, wrongfully obtained possession of the goods. There can be no recovery of damages for the wrongful taking or detention of the property by suit on the bond, and if defendant's contention, that the only remedy is by suit on the bond, is correct, the plaintiff is practically without remedy. Defendant's counsel rely on the case of Speer v. Skinner, 35 Ill. 282, in which it was decided that property distrained for rent, having been replevied by one claiming to be the general owner, the lien of the distrainer, or landlord, is lost, and he has no remedy but on the replevin bond. (Ib. 303.)

It is not true, however, that the lien of an execution or writ of attachment is wholly lost if the goods levied on are wrongfully taken from the possession of the sheriff.

Burkle v. Luce, 1 N. Y. R. 163, was a case similar to the present in some of its respects. These goods, previously levied on by the sheriff, were taken from him by replevin. The replevin suit abated by the death of the plaintiff, and, as in this case, the circumstances were such that the sheriff could have no remedy by suit on the bond. The court held that on the abatement of the replevin suit, the lien of the execution was revived, and the sheriff might retake the goods. The rule that a suit on the replevin bond is the only remedy of the defendant in the replevin suit has, so far, been applied only to the case of a replevy at the suit of a tenant, of goods distrained for rent by his landlord, and I do not feel called upon to extend that rule so as to include the present case, and thus leave the plaintiff without remedy. Section 19 of the Bill of Rights, declares that "every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive to his person, property or reputation." If the plaintiff is entitled to recover, the measure of damages is the full value of the property. Broadwell v. Paradice, 81 Ill. 474; Atkins v. Moore, 82 Ill. 340.

The defendant's affidavit in the replevin suit states the value of the property to be $200, and as he, with the other plaintiffs in that suit, had to give bond in double the value of the property, it is not to be presumed that he fixed too high a value on it. The court finds the defendants guilty, and assesses the plaintiff's damages at the sum of $200. The judgment of the Circuit Court is affirmed.

Mr. Justice Gary.

I concur in affirming the judgment, but not in the reasons for so doing. I admit that the affidavit on which the writ of replevin was issued was bad, but not that as a consequence the justice was without jurisdiction. Affidavits in replevin and complaints in forcible detainer, are, by the Supreme Court, put upon the same footing, even when the suits are begun before a justice. Evans v. Bouton, 85 Ill. 579; and if defective may be amended. Snowell v. Moss, 70 Ill. 313; Thompson v. Sornberger, 78 Ill. 363.

But if amenable, such affidavits and complaints are, if defective, only voidable—not void collaterally. Durham v. Heaton, 28 Ill. 264; Maynard v. People, 135 Ill. 416; Johnson v. Miller, 50 Ill. App. 60.

Defects may be waived by conduct even if not amended. Center v. Gibney, 71 Ill. 557.

A complaint in bastardy, "insufficient to justify the issuance of a warrant," which does "not show probable cause," is amendable, and if not amended, and an examination before a justice ensues, the defendant may commit perjury by falsely denying carnal intercourse. Maynard v. People, 135 Ill. 416.

The dismissal of the suit by the justice was a non-suit. McKinney v. Finch, 1 Scam. 152.

Bruner v. Dyball, 42 Ill. 34, is an authority for this suit. If it be not consistent with Blair v. Ray, 103 Ill. 615, and Vineyard v. Barnes, 124 Ill. 346, followed by us in Matson v. Davies, 35 Ill. App. 78, that is not our affair. National Bank v. Jennings Tr. Co., 44 Ill. App. 285.

But there may be no inconsistency. On direct review, error assigned must be made to appear affirmatively, or it

will be overruled. But a judgment is not evidence " of any matter to be inferred by argument from the judgment." Duchess of Kingston Case, 20 Howell State Trials, 355, 538; Smith L. C., 1998.

Apply that rule here. The justice should, on the dismissal of the replevin suit, have awarded a return of the property, unless in the meantime the plaintiff had become entitled to the possession of it. Sec. 22, Ch. 119, Replevin.

He did not award a return, *ergo*, the plaintiff had become entitled. That inference is not evidence.

As, after obtaining the property on the replevin writ, and before the commencement of this suit, the appellants converted the property to their own use, they must justify that conversion or pay for the property.

MR. PRESIDING JUSTICE SHEPARD.

I conceive that although a defective affidavit in replevin, being amendable, may confer jurisdiction upon the justice to issue the writ, yet, that, the affidavit not being amended, the justice became ousted of his jurisdiction to award a *retorno*, or do anything in the cause except to dismiss the suit, and therefore I concur in the opinion of Mr. Justice Waterman.