EDWARD S. WOODWARD ET AL., TRADING, &c., AS E. S. WOODWARD & CO., v. CLIFFORD J. LISHMAN.

Argued June 7, 1910—Decided January 13, 1911.

1. Writs of attachment issued out of the small cause court, pursuant to section 37 of the Attachment act (*Pamph. L.* 1901, *p.* 173), being first executed according to law, are liens upon the attached property prior to the lien of an attachment subsequently issued out of the Circuit Court.

2. Where writs of attachment, issued out of the small cause court pursuant to section 37 of the Attachment act (*Pamph. L.* 1901, *p.* 173), have been first executed according to law, the constable making the levies thereunder is entitled to the possession and control of the attached property, for the purpose of enforcing such liens, and the wrongful dispossession of such constable by the sheriff under a writ of attachment subsequently issued out of the Circuit Court does not release the liens of such writs.

3. Holders of liens acquired by attachments out of the small cause court pursuant to section 37 of the Attachment act (*Pamph. L.* 1901, *p.* 173), issued and executed according to law prior to the issuance of an attachment out of the Circuit Court, who have prosecuted their suits to judgment and execution with the diligence and in the way required by law, are not required to apply to the auditor, appointed in the Circuit Court proceeding, to have the amounts due them audited by such auditor before the making of his report.

4. Where a constable in possession and control of property under liens of attachment out of the small cause court is wrongfully dispossessed by the sheriff under a writ of attachment subsequently issued out of the Circuit Court, and the attached property is sold by an auditor appointed in the latter proceeding, the Circuit Court on proper application will order the proceeds of sale applied according to the priority of the attachment liens.

In attachment. Petition of attaching creditors. Case certified.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the petitioners, Michael Ryan and Henry Stalder, *Henry H. Savage* and *Richard B. Eckman.*

For the plaintiffs, *John B. Kates* and *Patrick H. Harding.*

For the auditor in attachment, *Thomas B. Hall.*

The opinion of the court was delivered by

TRENCHARD, J. Three writs of attachment were issued against Clifford J. Lishman, an absconding debtor, in the order following:

The first, at the suit of Michael Ryan, on October 9th, 1909, out of a small cause court of Burlington county. A levy was made in the forenoon of that day by a constable on certain personal property of Lishman. Advertisements were posted in accordance with the statute (*Pamph. L.* 1901, *p.* 158), a trial was had, and judgment was rendered October 29th, 1909, in favor of Ryan and against Lishman for $64.23, and costs and execution issued therefor.

The second writ was at the suit of Harry Stalder, and was issued on October 9th, 1909, out of another small cause court in the same county. A levy was made in the afternoon of that day by a constable on the same property of Lishman. Advertisements were posted in accordance with the statute, a trial was had, and judgment was rendered October 29th, 1909, in favor of Stalder and against Lishman for $74.59, and costs, and execution was issued therefor.

The third writ of attachment was at the suit of Edward S. Woodward et al., trading, &c., as E. S. Woodward & Co., and was issued out of the Burlington Circuit Court on October 11th, 1909 (after levy under the former writs), for a claim against Lishman of $281.51. By virtue of this writ the sheriff of the county levied upon and took possession of the same personal property then being in the possession and custody of the constable by virtue of the levies under the small cause court

writs. Advertisements were posted in accordance with the statute, and, on October 29th, 1909, an auditor was appointed, by order of the Burlington Circuit Court, and, under that order, he sold the property at public sale for the sum of $140. That sum is now in his hands. On January 20th, 1910, the auditor made his report to the Circuit Court showing there was then due the plaintiffs, Woodward & Co., $285.68, and concluded as follows: "I do further certify that no other creditor has applied to me or to the court to have his accounts audited before the making of this my report."

In that situation the attaching creditors, Ryan and Stalder, presented a petition to the Circuit Court for an order on the auditor, requiring him to pay to the petitioners, in the order named, the moneys in his hands as such auditor. Whereupon the judge of the Circuit Court, conceiving that the petition presented a question of doubt and difficulty, certified to this court the following question:

"Upon the facts set forth, should the prayer of said petitioners be granted?"

There is thus presented a novel question.

The Attachment act (*Pamph. L.* 1901, *pp.* 158, 160, 173, §§ 7 and 37) provides that the writ shall bind the attached property of the defendant from the time of executing the same in the manner therein prescribed; that is, from the time of levying on the property.

In the absence of statutes providing for *pro rata* distribution among attaching creditors, the question of priority between attachments is dependent upon which is earlier in point of time. 4 *Cyc.* 641; 3 *Am. & Eng. Encycl. L.* (*2d ed.*) 224.

The moment of Levy is, therefore, the material point of time in determining which of two or more attachments is senior to the others. 4 *Cyc.* 643.

The Attachment act (*Pamph. L.* 1901, *p.* 158) does not provide for *pro rata* distribution among attaching creditors, but on the contrary, as to proceedings in the Supreme Court, Circuit Court or Common Pleas, provides (section 27) that the auditor, after converting the attached property into money, by sale thereof, and after paying legal costs and charges, shall

pay the debt of the plaintiff, and distribute the residue of moneys, if any, equally, in proportion to the debt due to each, among the *other creditors* whose debts shall have been allowed.

By the Attachment act of 1874 (*Gen. Stat., p.* 110, §§ 68, 70) a writ of attachment, issued out of the Supreme Court, Circuit Court or Common Pleas, became a *supersedeas* to all attachments issued by a justice of the peace, undetermined at the time of serving the writ, and the property attached by the constable was taken in possession by the sheriff, and the several debts paid *pro rata,* except that accrued legal costs and expenses of superseded attachments were first paid in full out of the property attached.

But the present Attachment act of 1901, which by section 37 authorizes an attachment out of the small cause court, expressly repealed the act of 1874 and all supplements thereto. Moreover the act of 1901 is itself silent on the subject of priority of writs of attachment, and nowhere therein provides that writs out of the small cause court shall be superseded by writs out of the higher courts, which latter, of course, may be taken out by any person to recover a greater demand than is cognizable before a justice of the peace. See section 38. Therein the act of 1901 differs also from the District Court act of 1898, which, by section 77 (*p.* 587), provides that a writ of attachment issued out of the Supreme Court, Circuit Court or Common Pleas, shall be a *supersedeas* to any attachment issued by any District Court, undetermined at the time of serving the writ, and further provides that the plaintiff in the attachment so superseded shall be first paid the full amount of his debt and legal costs and expenses.

The act of 1901 not providing for a *pro rata* distribution among attaching creditors, being silent as to the priority of writs of attachment, and containing no provision for *supersedeas* of small cause court writs, we are of opinion that such writs issued out of the small cause courts, if first executed according to law, are liens upon the attached property prior to the lien of an attachment subsequently issued out of the Circuit Court.

In the present case the petitioner's writs being first executed had priority of lien.

The petitioner's writs not only had priority of lien, but entitled the constable making the levies thereunder to the possession and control of the attached property for the purpose of enforcing such liens, and the wrongful dispossession of such constable by the sheriff under the junior writ out of the Circuit Court did not release the lien of the petitioner's writs.

It has been held by this court that one attachment issued and served is no bar to the issuing and service of another in the same county against the defendant by another creditor. *Brown* v. *Bissett,* 1 *Zab.* 46; *Duffin* v. *Wolf, Id.* 475.

Under such a statute as that of 1901, containing no provision for *pro rata* distribution among attaching creditors, nor as to priority of the writs, nor as to supersedure, where personal property levied upon under a writ is further levied upon by the same or another officer, such further levy is subject to prior levy or levies. 4 *Cyc.* 603. And where the subsequent levy is made by another officer, the possession of the first officer is not to be disturbed. 4 *Cyc.* 604. The first levy not only gives priority to lien, but it entitles the officer making the first seizure to the possession and control of the property. *Wade Att.* 217; *Drake Att.* 267. And wrongful dispossession of the officer does not have the effect of releasing the attachment lien. *Clow* v. *Gilbert,* 54 *Ill. App.* 134; *Butterfield* v. *Clémence,* 10 *Cush.* (*Mass.*) 269; *Beech* v. *Abbott,* 6 *Vt.* 586; *Harriman* v. *Gray,* 108 *Mass.* 229; 3 *Am. & Eng. Encycl. L.* (*2d ed.*) 240; 4 *Cyc.* 656. Of course, the officer must use ordinary care and diligence for the preservation and safe-keeping of the attached property, and to prevent its going out of his control. 4 *Cyc.* 656.

It appears in the case at bar that the petitioners, after the issuing and service of their writs, prosecuted their suits to judgment and execution in the manner and with the diligence required by law, and that the constable had the property under levy in his possession and custody, and hence his dispossession by the sheriff was wrongful and did not affect the prior lien by the petitioner's attachments.

The petitioner's attachments retaining priority of lien over the Circuit Court writ, notwithstanding dispossession of the constable by the sheriff, and they having prosecuted their suits to judgment and execution, with the diligence and in the way required by law, the petitioners were not required to apply to the auditor appointed in the Circuit Court proceeding to have the amounts due them audited by such auditor before the making of his report.

Section 21 of the Attachment act provides that on the return of the writ (out of courts other than the small cause court) "the court shall appoint an auditor to *adjust and ascertain the amounts due to the plaintiff and each of the applying creditors.*" But the petitioners were not applying creditors, and were not obliged to be admitted as such, but were original attaching creditors whose writs were prior and superior in lien to the plaintiff's attachment. The term "applying creditors," as used in the Attachment act, "includes all creditors of the defendant who shall have been admitted under the attachment by rule of court, or who may have applied to the auditor and proved their claims before he shall have made his report." *Pamph. L.* 1901, *p.* 161, § 8.

Since, in the absence of statute providing for *pro rata* distribution among *attaching creditors,* the proceeds of the sale of attached property should always be applied according to the priority of the attachment liens (4 *Cyc.* 717), the petitioner's attachments, having priority of lien over the Circuit Court writ, should be first paid and satisfied, in the order of their priority, from the proceeds of the sale made by the auditor.

The Circuit Court is advised that the prayer of the petitioners should be granted.