# CHARLES CLIFFORD

## *v.*

# THE TOWN OF EAGLE.

1. WAIVER — *by appearance — dilatory motions.* A motion to dismiss a suit commenced before a justice of the peace for obstructing a public highway, for want of a complaint in writing, is of a dilatory character, and should be entered at the earliest moment.

2. In such a proceeding, after an appeal to the County Court, the defendant moved for and obtained a continuance. Afterwards, the motion to dismiss was entered. If a written complaint on oath was necessary in such a case, the defendant waived it by appearing in the cause and moving for a continuance.

3. HIGHWAYS — *of the certainty required in an order establishing a road, in the description of the route.* The maxim that "that is certain which can be rendered certain," applies to the order of supervisors establishing a public road. In this case, the order directed that a road be laid out, in pursuance of an application which had been made, commencing at the northwest corner of section one, in a designated township and range; that the width of the road be four rods, the courses whereof according to a plat thereof which the supervisors had caused to be made by the county surveyor, which plat was attached to and made a part of the order. The application referred to described the route of the proposed road, thus: Commencing at the northwest corner of section one, in township thirty-one, range two east of the third principal meridian; thence south to the southwest corner of section thirty-six, in the same township and range. The plat attached and made a part of the order, showed the route of a road, commencing at the northwest corner of section one, and running south on the sectional lines to the southwest corner of section thirty-six. *Held,* the order described the route with sufficient certainty. By reference to the plat, the commencement and end of the road were shown, and the course and distance.

4. SAME — *whether the order should show the assessment of damages as to all the owners along the road.* In a proceeding against a party for obstructing a public road, it cannot be material to him whether in the order establishing the road damages were assessed to all the owners of land along the route, so they were assessed to him, he being one of the owners. It might be that the other owners had released the damages, or were entitled to none.

APPEAL from the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

This was an action of debt, originally commenced before a justice of the peace in La Salle county, by the town of Eagle against Thomas Clifford, for an alleged obstruction of a public highway. The cause was removed into the County Court by appeal. At the December Term of that court, 1863, the defendant appeared in the cause and moved for a continuance, which was allowed. At the March Term following, the defendant entered his motion to dismiss the suit for the want of a complaint. The court overruled the motion, and exception was taken. The cause then came on for trial before the court, without a jury.

It was conceded, for the purposes of the trial, that the petition for the road in controversy was posted up according to law, and that the signers were legal voters residing within three miles of the route; that the defendant was present before the supervisors, to whom an appeal had been taken, and had a hearing; that the damages allowed by the supervisors were tendered to the defendant and refused. That sixty days' notice was duly given him to open his inclosure, and that the commissioners opened the road after the notice expired, by throwing down the fence, and that Clifford replaced the fence in the supposed road, and, afterwards, the defendant received a copy of the following notice, on the 6th day of June, 1863, and did not remove the fence.

This is the notice:

*To Charles Clifford:* You are hereby notified that your fence along the east line of the northeast quarter of section fourteen, in township thirty-one, north of range two east of the third P. M., is in the public road, which commences at the northwest

quarter of section one, and terminates at the southwest corner of section thirty-six of said town and range. Unless you shall remove the same in a reasonable time, say by the first day of July next, an action in the name of the township of Eagle will be commenced against you for the penalty of one dollar a day, provided in section 94 of the township law.

T. G. CLARK,<br>*Overseer of Highways.*

The plaintiff gave in evidence the following petition:

*To the Commissioners of Highways of the town of Eagle, La Salle county:* The undersigned, who are liable to be assessed for road labor in said town, respectfully represent to your body that you would cause the following described route to be laid, to wit: commencing at the N. W. corner of sec. 1, T. 31, R 2 E. 3d P. M.; thence south to the S. W. corner of sec. 36, T. 31, R. 2 E. 3d P. M. The undersigned, therefore, respectfully request that you will cause said route to be surveyed, and such proceedings to be had as is by law in such case provided. The proposed road runs through the following described lands: [Then follows the names of the owners along the route, and among them the defendant's, showing the route to run on the west side of section thirteen and east side of section fourteen, through his lands.]

Signed, &c.

The following was indorsed on the back of the petition: "We, the commissioners of highways of the town of Eagle, have determined not to grant the prayer of the within petitioners," signed, &c.

The plaintiff then offered in evidence the record of the proceedings of the supervisors on an appeal from the determination of the commissioners, to the introduction of which the defendant objected on the following grounds:

*First.* There is no description of a road, so far as relates to the direction, distance or termination of the road, given in the order of the supervisors.

*Second.* There is not a plat and report of a survey of the road, such as required by the statute.

*Third.* No actual survey was made by the surveyor employed by the supervisors.

The court overruled the objections and received the record in evidence, the defendant excepting. The record first set out the prayer for an appeal by Luke Conness, then followed this order of the supervisors:

An appeal having been made on the 30th day of March, 1852, by Luke Conness, of the town of Eagle, in the said county of La Salle, from the determination of the commissioners of roads in the said town, made on the 6th day of March, 1852, in refusing to lay out a road in said town upon the application of twelve legal voters of said town, residing within three miles of the road so petitioned to be laid out, commencing at the N. W. corner of sec. 1, T. 31, R. 2 E., thence south to the S. W. corner of S. 36, T. 31, R. 2 E., which appeal was brought to reverse entirely the said determination of the said commissioners, and we, the said supervisors, having given notice to the said commissioners and to the said Luke Conness, specifying therein the time and place at which we should convene to hear the said appeal, and having met at the time and place specified in the said notice, and having heard the proofs and allegations of the parties, did determine and decide that the said determination of the said commissioners in refusing to lay out said road, ought to be reversed.

We do, therefore, order and adjudge that the said determination of the said commissioners in refusing to lay out said road, be and the same is hereby reversed; and we do further order that a road be and is hereby laid out pursuant to the application of the said Luke Conness, commencing at the northwest corner of section one (1), township thirty-one (31), range two (2), east of the third principal meridian, and that the width of said road be four rods, the courses whereof according to a plat thereof which we have caused to be made by Joseph H. Wagner, Esq., county surveyor of said county of La Salle, will more fully appear; and which plat is hereunto attached and

made part hereof.    And we do further determine and assess the damages sustained by the following named persons by reason of the laying out and opening said road, as follows:

"To Charles Clifford, twenty dollars," and two others.    There were several other owners of land along the route, of whom no mention is made in the order.

Attached to this order was the following plat and certificate:

| 2 | 1 |
|---|---|
| 11 | 12 |
| 14 | 13 |
| 23 | 24 |
| 26 | 25 |
| 35 | 36 |

I hereby certify the above plat to be a true representation of a road in the town of Eagle, in the county of La Salle, as laid out under the direction of Patrick Ryan, John H. McFarran and George M. Dillman, three supervisors of said county. May 12, 1852.                    J. H. WAGNER,
                                        *Surveyor of La Salle County.*

This was all the evidence in the case.    The court found for the plaintiff, and refusing a new trial, entered judgment upon the finding, from which the defendant took this appeal, and now contends the record of the proceedings of the supervisors does not show a legal road, because,

1st.    There is but one *terminus* to the road mentioned in the order, and no description of the same as required by law.

2d.   There is no such report of a survey and plat as required by law.

3d.   There is no determination of the supervisors that the "road was necessary and proper, and the public interest would be promoted thereby."

4th.   There is no decision as to the damages and benefits of but three of the many owners of land through which the supposed road passes for the distance of six miles.

5th.   The person taking appeal did not give notice to the commissioners, but the supervisors recite that they did, of the time and place of the meeting, and there is no record that the commissioners were present.

Messrs. GRAY, AVERY and BUSHNELL, for the appellant, upon the question of certainty required in such proceedings, cited *Halleck* v. *Woolsey*, 23 Wend. 328; *Woolsey* v. *Thompson*, id. 324; *Huey* v. *Richardson*, 2 Harrington (Del.), 296; *State* v. *Green*, 3 Harris, 176; *State* v. *Schanck*, 4 Halst. 107; *State* v. *Clarke*, Coxe, 226; *Town* v. *Town of Blackberry*, 29 Ill. 137; *Griscom* v. *Gilmore*, 1 Harr. 105.

Messrs. LELAND & BLANCHARD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The appellant was sued before a justice of the peace of La Salle county, in an action of debt for obstructing a public highway, and a judgment rendered against him, from which he appealed to the County Court.

After moving for and obtaining a continuance of the cause, at the next term the appellant moved to dismiss the cause for want of a complaint in writing filed.

If this was a case in which a written complaint on oath was necessary, the appellant waived it by appearing in the cause and moving for a continuance. The motion to dismiss being of a dilatory character, should have been entered at the earliest moment.

On the merits of the case the appellant insists there was no sufficient order for the road which it was charged he had obstructed. Going back to the original petition for this road, we find it described thus: " Commencing at the northwest corner of section one in township thirty-one, range two east of the third principal meridian; thence south to the southwest corner of section thirty-six, township thirty-one, range two east of the third principal meridian. An order was prayed for a survey of a road on this route. Then follows a list of the lands, with the owners' names on the route, and through which the proposed road would run, and among them is the appellant as owner of the east part of section fourteen and the west part of section thirteen.

The commissioners of highways refused to grant the petition, whereupon the petitioners took an appeal to three supervisors of the county to reverse this decision. On a hearing before these supervisors, their order shows, after reciting the application to the commissioners of highways to lay out the road as above described, that the determination of the commissioners in refusing to lay out said road ought to be reversed, and the supervisors do therefore order and adjudge that the determination of the commissioners be reversed; and they further order that a road be laid out pursuant to the application of Luke Conness, commencing at the northwest corner of section one, township thirty-one (31) north, range two east of the third principal meridian, and that the width of the road be four rods; the courses whereof according to a plat thereof which we have caused to be made by Joseph H. Wagner, county surveyor of La Salle county, will more fully appear, and which plat is herewith attached and made part hereof. They then assess the damages to some of the owners, and among them to the appellant.

The plat attached and made part of the order of the supervisors, shows the route of a road commencing at the northwest corner of section one, and running south on the sectional lines to the southwest corner of section thirty-six.

It is an old and familiar maxim of the law that, " that is certain which can be rendered certain." So of this road, a

reference to the plat which is a part of the order establishing the road shows the commencement and end of the road, the course and distance. What more could be desired is not perceived.

It cannot be material to the appellant whether the damages were assessed to all the land owners on the route or not. They were assessed to him; the others may have released their right to damages, or might not, possibly, have been entitled to any.

We cannot but think there was reasonable certainty in the route of this road, and the proceedings to obtain it perfectly regular and legal. *Town* v. *Town of Blackberry*, 29 Ill. 137.

The judgment must be affirmed.

*Judgment affirmed.*