## JOHN P. BURNHAM

### *v.*

## PATRICK MARTIN.

LANDLORD AND TENANT—*tenant must pay rent until he surrenders possession.* If a tenant retains possession of the leased premises, either actual or constructive, he will be liable for the rent so long as his possession continues, even though he may have good cause for abandoning the same before the expiration of the term, for the acts of the landlord, or omission of duty on his part. Before the tenant can defend against the payment of rent, he must abandon the premises. A retention of the keys of a rented building by the tenant is a constructive possession by him.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. A. D. RICH, for the appellant.

Messrs. SNOWHOOK, JOHNSTON & GRAY, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Martin, the appellee, leased to Burnham, the appellant, a certain dwelling house in Chicago, for a term of two years, from May 1, 1875, at a rental of $480 per annum, payable in equal monthly installments of $40 each, in advance, on the first day of each month. Appellant occupied the house with his family one year, and then left it, having paid appellee in full for the one year he had lived there. Appellee brought this suit to recover $80, for the rent claimed to be due for the months of May and June, 1876, and recovered judgment.

Appellant claims, the peculiar construction of the house

was such as would necessarily create a cesspool under the basement floor; that the ground under the house had been so excavated that it was considerably lower than the surrounding surface; that the drainage or waste water pipe from the chambers discharged directly into this excavation, and that there was no outlet for the water accumulating there. He further claims, this stagnant cesspool rendered the house so offensive and unhealthy as to make it uninhabitable, and insists his landlord, in permitting this cesspool to remain there after notice, and in refusing or neglecting to abate the nuisance, was guilty of a constructive eviction of his tenant, which defeats his right to recover rent.

It is not necessary to determine, for the purposes of this suit, whether the weight of the evidence justifies the claim of appellant as to the facts of the case, or whether the doctrine of the constructive eviction of a tenant may properly be carried to the extent of applying it to acts of omission as well as of commission, on the part of the landlord. Suffice it to say, the law is, if the tenant retains possession of the leased premises, either actual or constructive, he is liable for rent, so long as his possession continues. The tenant, before he can defend against the recovery of rent, must abandon the premises, and not retain either the actual or constructive possession of them.

At the time this suit was commenced before the justice of the peace, there were two months rent due, by the terms of the written lease, from appellant to appellee, and the suit was prosecuted to recover the rent of those two months. At that time, although he had moved his family out of the house some time before, appellant still retained possession of the keys of the premises, and did not deliver them up to appellee until after the rent had matured and suit had been instituted therefor. This retention of the keys still gave appellant the constructive possession of the house, and precluded him from successfully defending against this rent.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*