FRED LEIFERMAN

*v.*

CARL OSTEN.

*Filed at Ottawa May 11, 1897.*

1. APPEALS AND ERRORS—*dilatory motions going to jurisdiction must be made in apt time.* An objection that the justice's transcript in forcible entry and detainer, filed on appeal in the circuit court, contained no written complaint, is waived by the objector going to trial without making the objection, where such complaint was in fact filed with the justice but omitted from the transcript by mistake. (*Stolberg* v. *Ohnmacht,* 50 Ill. 442, distinguished.)

2. LANDLORD AND TENANT—*an eviction may be actual or constructive.* An eviction may be actual, as where there is a physical expulsion, or it may be constructive, as where, though amounting to an eviction at law, the tenant is not deprived of actual occupancy.

3. SAME—*a lease of a building is not a lease of particular subjacent land.* A lease of the first floor of a building at a certain street and number does not pass to the tenant such an interest in the subjacent land as that he is evicted from the part of the premises leased to him by the removal of the building to which his lease applies to another part of the same lot.

4. SAME—*no constructive eviction exists without surrender of possession.* A tenant who retains possession of leased premises after constructive eviction, thereby waives his right to abandon the premises.

5. SAME—*tenant retaining possession after constructive eviction must pay rent.* A tenant who retains possession of a building after constructive eviction by the landlord is not released from liability for rent, and, upon his refusal to pay, the landlord may recover possession of the property by proceedings in forcible entry and detainer.

*Leiferman* v. *Osten,* 64 Ill. App. 386, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

C. E. CRUIKSHANK, and FRED H. ATWOOD, for appellant:

Unless a complaint in writing is filed, a court has no jurisdiction of forcible entry and detainer proceedings.

*Stolberg* v. *Ohnmacht,* 50 Ill. 442; *Steele* v. *Railway Co.* 125 id. 385; *Eckels* v. *Wolf,* 55 Ill. App. 310.

The premises must be described in the complaint with sufficient certainty to enable the officers to identify them. *Haskins* v. *Haskins,* 67 Ill. 446; *Schaumtoeffel* v. *Belm,* 77 id. 567; *Maloney* v. *Shattuck,* 15 Ill. App. 44.

Eviction from premises by the landlord ends the relation of landlord and tenant. *Anderson* v. *Insurance Co.* 21 Ill. 601; *Smith* v. *Wise,* 58 id. 141; *Walker* v. *Tucker,* 70 id. 527; *Hayner* v. *Smith,* 63 id. 430.

Whenever possession is peaceably obtained it does not become wrongful until there is a demand by the owner for the possession and a refusal to deliver the same. *Thomasson* v. *Wilson,* 146 Ill. 384; *Fitzgerald* v. *Quinn,* 58 Ill. App. 598.

The proceeding by forcible detainer is a statutory proceeding in derogation of the common law, and a person must bring himself strictly within its provisions. *Schaumtoeffel* v. *Belm,* 77 Ill. 563; *French* v. *Willer,* 126 id. 611.

Where there is a lease of a part of a building, and the landlord evicts the tenant from a part of the rooms or floors rented, this suspends the payment of rent. *Shumway* v. *Collins,* 6 Gray, 227; *Colburn* v. *Merrill,* 117 Mass. 262.

Where certain acts are complained of as an eviction, and they may or may not be such, the question of eviction or no eviction is one for the jury. *Lynch* v. *Baldwin,* 69 Ill. 210; *Hayner* v. *Smith,* 63 id. 435; *Barrett* v. *Boddie,* 158 id. 483.

A court cannot amend its record in a vital matter after the term at which the judgment was rendered has expired. *McKindley* v. *Buck,* 43 Ill. 488; *Cook* v. *Wood,* 24 id. 295; *Coughran* v. *Gutcheus,* 18 id. 390; *State Savings Inst.* v. *Nelson,* 49 id. 171; *Becker* v. *Sauter,* 89 id. 596; *Humphreyville* v. *Culver,* 73 id. 485; *Smith* v. *Wilson,* 26 id. 188; *Goucher* v. *Patterson,* 94 id. 525; *Church* v. *English,* 81 id. 442; *Railroad Co.* v. *Holbrook,* 72 id. 419.

ALBERT MARTIN, for appellee:

Under the present statute of forcible entry and detainer it has been held that the complaint is a mere pleading. It is not necessary to be under oath. It may be filed by any one acting for plaintiff, and a substantial description of the property is all that is necessary. Rev. Stat. chap. 57, sec. 5; *Patterson* v. *Graham,* 140 Ill. 531.

A tenant has an easement in the unobstructed passage of light only by a covenant or express agreement in the lease. *Keating* v. *Springer,* 146 Ill. 481.

A lessee takes only such an interest in the subjacent land as is necessary to the enjoyment of the premises. 2 Taylor on Landlord and Tenant, (8th ed.) sec. 520; *Central Mills Co.* v. *Hoch,* 124 Mass. 123; *Holliday* v. *Chicago Arc Light Co.* 55 Ill. App. 463.

Possession retained after an alleged constructive eviction is a waiver of the right of abandonment, and with retention of possession after constructive eviction liability for rent exists, according to the terms of the lease, during occupancy thereunder. *Barrett* v. *Boddie,* 158 Ill. 479; *Patterson* v. *Graham,* 40 Ill. App. 399; 140 Ill. 531.

The omission of the complaint in the justice's transcript should have been urged at the earliest possible moment. *Stillman* v. *Palis,* 134 Ill. 532; *Armstrong* v. *Crilly,* 152 id. 646; *Brown* v. *Keller,* 32 id. 154; *Center* v. *Gibney,* 71 id. 557.

Although it has been held to be a jurisdictional question, still, unless urged in apt time, it may be waived. *Clifford* v. *Eagle,* 35 Ill. 444; *Tisdale* v. *Minonk,* 46 id. 9.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment before a justice of the peace, and, on appeal, in the circuit court of Cook county, in forcible entry and detainer, for the recovery from appellant of the possession of the first floor of a two-story frame building at 1255 Wolfram street, in Chicago. This appeal is taken from the judgment of affirmance of the

Appellate Court, a certificate of importance having been granted.

Appellant had occupied the first-story flat, as it is called, of the building, as tenant of appellee, for about five years, at the end of which period appellee, against the objection of appellant, and while appellant was living in the house, moved the building, which occupied about half the lot, to the other side of the lot and built a new building on the corner,—the former site. The building removed retained the same number. Appellant did not vacate or surrender possession, but continued in the occupancy of the same part of the building, but refused to pay any rent thereafter, claiming that he had been evicted, and was by such eviction discharged from the further payment of rent. After the rent became due appellee served appellant with a written demand for rent, and notice to quit in five days if not paid. The alleged eviction, and the fact that there was no written complaint on file in the circuit court when the cause was tried there on appeal, constituted the grounds of defense in the Appellate Court and are the ones relied on here.

There was a written complaint, in due form, before the justice of the peace, but the justice neglected to send it up with his original transcript, and its absence was not noticed by either party during the trial in the circuit court. The defendant there assigned as one of the grounds for a new trial the absence of such complaint. The circuit court overruled the motion for a new trial and also a motion in arrest of judgment. At a subsequent term of the circuit court the justice filed an amended transcript containing the complaint, and, on a suggestion of a diminution of the record in the Appellate Court, leave was granted to supply the omission, and it was supplied in that court. Upon errors properly assigned here, it is urged that the complaint was jurisdictional, and without it the circuit court had no jurisdiction to try the cause; that it could not amend its judgment in

matter of substance and to cure a jurisdictional defect at a subsequent term, and that, in fact, no amendment was made or leave to file the amended transcript given, and that the subsequent filing of the complaint in the circuit and Appellate Courts was wholly ineffectual to cure the error.

There was a sufficient complaint before the justice of the peace, and he had jurisdiction of the subject matter and of the parties. On appeal the circuit court had the same jurisdiction, and if the attention of that court had been called to the fact that the justice had not sent up the complaint, the omission could then have been supplied. By going to trial without objection the defendant waived the question which he is now urging here. The court had jurisdiction of the subject matter and of the parties, and the filing of a written complaint in the circuit court related only to the mode of procedure, and any irregularity in that respect must be availed of promptly, else it will be waived.

It is a well settled rule that all dilatory motions going to the jurisdiction of the court must be made in apt time. In *Tisdale* v. *Town of Minonk*, 46 Ill. 9, it was held that a motion to dismiss for want of the sworn complaint in an action for violating a town ordinance came too late in the circuit court; that it should have been made at the earliest moment before the justice. In *Clifford* v. *Town of Eagle*, 35 Ill. 444, the defendant appealed from a judgment against him in the justice court and appeared and moved for a continuance in the circuit court, and at the next term moved to dismiss the suit for want of a complaint in writing, but this court said: "If this was a case in which a written complaint on oath was necessary, the appellant waived it by appearing in the cause and moving for a continuance. The motion to dismiss, being of a dilatory character, should have been entered at the earliest moment." (See, also, *Center* v. *Gibney*, 71 Ill. 557, in substance to the same effect.) In *Evans* v. *Bouton*, 85

Ill. 579, (a suit in replevin before a justice,) the defendant did not appear, but judgment was rendered against him by default. When the cause was called for trial in the circuit court on his appeal, he moved to dismiss the suit for the want of an affidavit. This court held that the motion was made in apt time; that there was no law compelling the defendant to appear before the justice, and as the judgment was there rendered against him by default, his motion in the circuit court was not too late. But it is apparent that that case does not support the contention of appellant here.

Appellant cites also *Stolberg* v. *Ohnmacht*, 50 Ill. 442, as applicable to the case at bar. But we do not think it is. In that case there was no affidavit filed before the justice as then required by the statute, and the defendant appeared before the justice and moved to dismiss the suit. The justice overruled the motion and allowed the plaintiff to file his affidavit and rendered judgment in his favor. The defendant appealed, and renewed his motion in the circuit court to dismiss, which was allowed. This court affirmed the action of the circuit court, holding that the affidavit was jurisdictional and that the justice had no jurisdiction; that the justice had no power to issue the summons without an affidavit having first been filed. But there is a clear distinction between that case and the one at bar, because here there was a sufficient complaint before the justice when the summons was issued; and further, the defendant went to trial in the circuit court without making any objection or taking any advantage, of any kind, of the omission of the justice to send the complaint up with his transcript.

The next question is, was the defendant below excused from paying rent because of the alleged eviction? There are two kinds of eviction,—actual and constructive. An eviction may be actual, as where there is a physical expulsion; or it may be constructive, which, although an eviction in law, does not deprive the tenant of actual oc-

cupancy. (7 Am. & Eng. Ency. of Law, 37.) In 2 Wood on Landlord and Tenant, 1107, it is said: "Where there is an actual physical eviction from a part of the premises, the tenant may still retain possession of the other part and is absolved from the payment of any rent during the period of its continuance; and herein is the important distinction between an actual and a constructive eviction. The tenant must not only abandon the premises, but it must also appear that he abandoned them on account of the acts of the landlord which are claimed to operate as an eviction; and if his abandonment was due to other causes, in part even, he cannot set up such acts in defense to an action for the rent."

In the case at bar the lease to appellant was of the "first floor of the two-story frame building situated at 1255 Wolfram street," and the question arises whether by this lease the appellant acquired any such interest in the land as by the removal of the building therefrom he was actually evicted from a part of the premises leased to him. Questions analogous to this have been passed upon in many cases in different States, and the uniform current of authority is that the land does not pass by such a lease, and that the tenant takes such an interest, only, in the subjacent land as is necessary to the enjoyment of the premises leased. Thus, in *Winton* v. *Cornish*, 5 Ohio, 477, it was said: "The owner can grant the right to take all the minerals underneath, or those twenty feet below the surface only; to dig all the turf; to inhabit a cave, if there is one; to occupy a room in the third story; to occupy the second story, a room in the first story or the cellar, or a part of the cellar. By such grants the land does not pass. * * * The lessees of a middle story of a house are limited above and below as well as on the sides, yet the land is as necessary to sustain their part of the house as that below." And in *Kerr* v. *Merchant's Exchange*, 3 Edw. Ch. 316, where there was a lease of certain apartments, it was said that it was not to be con-

sidered as a lease of land, but only of apartments in the building distinct from the land; that leases must be construed according to the intention of the parties and with reference to the subject matter, and that in that case no interest in the land passed. This is the rule where the building is destroyed by fire, the cases holding that where the building containing the apartments leased was destroyed by fire the lease had terminated. (*Stockwell* v. *Hunter*, 11 Metc. 448; *Womack* v. *McQuarry*, 28 Ind. 103. See, also, *Graves* v. *Berdan*, 26 N. Y. 498; *McMillen* v. *Solomon*, 42 Ala. 356; *Herrington* v. *Watson*, 11 Ore. 143.) And in *Shawmut Nat. Bank* v. *Boston*, 118 Mass. 128, it was said: "In cases where different rooms in the same building are leased to separate tenants, the situation of the property and the nature of the tenures exclude the idea that each tenant takes an estate for years in the land. Such estates existing at the same time in different tenants are inconsistent and impossible."

There was nothing in the lease, and no evidence in the case at bar, to show that any yard privileges connected with the first flat were used in its enjoyment. None were claimed by appellant, and it does not appear that he was deprived of anything that could reasonably be held to pertain to his lease of the "first flat" of No. 1255 Wolfram street, except that a different parcel of land was substituted as the subjacent land necessary to the support of such flat. We are of the opinion that in view of the law the jury would not have been authorized to find that there was an actual eviction of any part of the premises leased.

In regard to the effect of a constructive eviction, inasmuch as appellant did not avail himself of his privilege of electing to treat the act of appellee as a constructive eviction, but remained in possession, it is not material to inquire whether the removal of the building was such an act as would amount to à constructive eviction or not. In *Barrett* v. *Boddie*, 158 Ill. 479, this court said (p. 484):

"The eviction sought to be shown by appellant was constructive. The possession of the premises was retained by the tenant after the alleged acts of eviction. Possession retained after an alleged constructive eviction is a waiver of the right of abandonment. No constructive eviction exists without a surrender of possession. With retention of possession after constructive eviction, liability for rent exists, according to the terms of the lease, during occupancy thereunder.—*Warren* v. *Wagner*, 75 Ala. 188; *DeWitt* v. *Pierson*, 112 Mass. 8; *Scott* v. *Simons*, 54 N. H. 426; *Boreel* v. *Lawton*, 90 N. Y. 293; *Keating* v. *Springer*, 146 Ill. 481." In *Keating* v. *Springer*, *supra*, we said (p. 496): "If the tenant makes no surrender of the possession, but continues to occupy the premises after the commission of the acts which would justify him in abandoning them, he will be deemed to have waived his right to abandon; and he cannot sustain a plea of eviction by showing that there were circumstances which would have justified him in leaving the premises. Hence it has been held that there cannot be a constructive eviction without a surrender of possession. It would be unjust to permit the tenant to remain in possession, and then escape the payment of rent by pleading a state of facts which, though conferring a right to abandon, had been unaccompanied by the exercise of that right." (See, also, *Burnham* v. *Martin*, 90 Ill. 438; *Patterson* v. *Graham*, 140 id. 531.) But conceding that the act of the landlord amounted to a constructive eviction, still appellant must be deemed to have waived any benefit which might have accrued to him therefrom, by retaining possession of his rooms, and, there being no conflict as to the possession, nor as to the amount of rent due under the lease, nor as to the demand, notice to quit and default, there was no question of fact for the jury to try, and the direction by the court to find for the plaintiff was right.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*