Fred K. Higbie Co. v. Charles Weeghman Co.

## Fred K. Higbie Company, et al., v. Charles Weeghman Company, et al.

### Gen. No. 12,848.

1. CONSTRUCTIVE EVICTION—*when no defense to payment of rent.* A constructive eviction is no defense to an action for the payment of rent where the tenant continues in possession of the demised premises after the occurrence of such an eviction.

2. POWER TO CONFESS—*when binding upon corporation.* A power to confess judgment under a lease is binding upon a corporation where executed in its name by its president, though without specific resolution of the board of directors or general power under the by-laws, where such execution is ratified by possession taken and continued under the lease.

3. JUDGMENT BY CONFESSION—*how motion to vacate, may be heard.* It is within the discretion of the trial court to hear and determine such a motion, either upon affidavits or upon oral testimony given in open court.

Forcible detainer proceeding. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 10, 1906.

Statement by the Court. On May 1, 1904, appellants entered into the possession of the premises described as the second and third floors of the building at No. 218 Wabash avenue, Chicago, under a written lease, and occupied the premises until the tenth day of December, 1904. By the terms of the lease the rent of the premises for the month of May, 1904, was waived. Appellants paid the stipulated rent of the premises for the months of June, July and August, 1904, but defaulted in the payment of the rent for the months of September, October and November, 1904. There was due to appellees on November 1, 1904, under the terms of the lease, as rent for the months of September, October and November, 1904, the sum of $1,000. On November 5, 1904, after numerous demands for the payment of the rent had been made upon appellants and refusals to pay on the part of appellants, appellees caused a judgment by confes-

sion to be entered in the Superior Court, under the power of attorney contained in the lease, for the rent so due and $25 attorney's fees for entering up the judgment, as provided in the lease.

Appellants made their motion to open up the judgment and for leave to plead, and also to vacate the judgment, and filed in support of their motion the affidavits of several persons; and on motion of appellees and over the objections and exceptions of appellants, the court, on the hearing of the motion, took the oral testimony of all the affiants except one.

After arguments and due consideration the court overruled the motions of appellants who prosecute this appeal from the rulings of the court.

LOUIS C. EHLE, for appellants.

KICKHAM SCANLAN, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The main points to which the affidavits and the testimony of the witnesses were directed are as follows:

"1. The failure of appellees to provide heat as covenanted in the alleged lease, that is, ' to furnish, at their own expense, sufficient steam heat to comfortably heat the premises.'

2. The failure of appellees to keep their covenant to keep the lower floor and the alley in the rear of said premises in a clean and healthy condition.

3. The failure of appellees to keep their covenant to take reasonable precautions to prevent odors from the restaurant on the first floor reaching the second floor.

4. Appellees' failure to keep their covenant to finish the vestibule, doors and stairway, mentioned in the lease, in hardwood.

5. Appellees' failure to keep their covenant in regard to exclusive use of elevator by appellants.

6. Miscellaneous evidence in regard to interference by

appellees with appellants in connection with their use and occupation of the premises."

Appellants also urge that the power of attorney to confess judgment contained in the lease was without authority of the corporation and not valid, and therefore the confession of judgment was unwarranted and void.

If it be conceded that the evidence contained in the record tends to establish the breaches of the covenants of the lease, as contended by appellants (as to which we express no opinion), and that these breaches amount to a constructive eviction, the conceded fact remains that appellants voluntarily occupied the premises described in the lease during the months of September, October and November, 1904, during which the rent of the premises accrued for which the judgment was entered, and appellants cannot be heard to say that no rent is due for those months. Barrett v. Boddie, 158 Ill. 479; Patterson v. Graham, 140 Ill. 531; The Chicago Legal News Co. v. Browne, et al., 103 Ill. 317; Burnham v. Martin, 90 Ill. 438.

In Burnham v. Martin, *supra*, where the same character of defense was attempted to be made as in this case, it was said: " Suffice it to say, the law is, if the tenant retains possession of the leased premises, either actual or constructive, he is liable for rent, so long as his possession continues. The tenant, before he can defend against the recovery of rent, must abandon the premises and not retain the actual or constructive possession of them."

If appellees failed to properly heat the premises, and to keep the lower floor and the alley in the rear of the premises in a clean and healthy condition, and allowed odors from the kitchen of their restaurant to reach the premises in question, and did not finish the vestibule, doors and stairway mentioned in the lease in hardwood, and failed to keep their covenant in regard to the exclusive use of elevator by appellants, and interfered with appellants' use and occupation of the premises, doubtless appellants might surrender possession of the premises and sue for damages. The performance of these covenants in the lease were not condi-

tions precedent to the payment of rent by appellants. They are not dependent, but independent covenants, and their performance is not necessary in order to enable the appellees to maintain an action for rent under the lease. It is therefore unnecessary for us to determine, for the purposes of this case, whether the weight of the evidence justifies the claim of appellants as to the facts of the case upon the questions of recoupment presented in their behalf.

We do not think the contention of appellants that the attorney was not duly authorized to make the confession of judgment entered in this case can be sustained. The lease was executed under the seals of appellants, who went into possession thereunder and were in the use and occupation of the premises during the months for which the rent was confessed. While there was no formal action of the board of directors of appellant company, authorizing the president of the company to execute the lease, and the by-laws of the corporation do not specifically authorize the president of the corporation to execute in its name a power of attorney to confess judgment, still, the company by its acts ratified the action of its president, and is bound by the contracts of its president, in respect to persons dealing with it, when the acts of the president are within the power of the corporation, and within the scope of his apparent authority. This is the law, even though the president had no power or authority in fact to make the lease sued on in this case under the by-laws of the company, if, as appears from the evidence, appellees had no notice of a by-law or rule limiting his authority. Union M. L. Co. v. White, 106 Ill. 67; McDonald v. Chisholm, 131 Ill. 273. Fred K. Higbie, the president of appellant, conducted the negotiations for the lease and was held out to appellees as having the power to attend to the business for the appellant company. Such being the case, the appellant company cannot urge its private rules and regulations to defeat the lease or any of its provisions. Herman on Estoppels, secs. 538, 509. Appellees were entitled to assume that the proper authority had been conferred. Morawetz on Private Corp., sec. 588.

Fred K. Higbie Co. v. Charles Weeghman Co.

But, independently of the foregoing considerations, the appellant company had the lease in its possession and had taken and held possession of the premises under it and paid rent upon the lease for several months. It thereby made the lease its own act and was bound by it. Under such circumstances it was not necessary that the lease be executed pursuant to proper action of the board of directors, to make it binding upon the company. Atwater v. American N. E. Bank, 152 Ill. 605; McDonald v. Chisholm, *supra;* Morawetz on Priv. Corp., secs. 618–30.

In Mumford v. Tolman, 157 Ill. 258, it was said: "The question, on motion to vacate a judgment entered by confession, is not whether the judgment shall be set aside for errors of law, but whether there are equitable reasons why it should be opened up to let in a defense. Knox v. Winsted Savings Bank, 57 Ill. 330; Hansen v. Schlesinger, 125 id. 230."

In this case no defense was shown on the merits, in our opinion. The debt was due, and the judgment for it is just, under the law.

We entertain no doubt that it is within the reasonable discretion of the trial judge as to the manner of hearing a motion to vacate or open a judgment by confession. Whether he hears the motion on affidavits or requires oral testimony or both cannot in itself, under our practice, be error. It is not claimed here that a full hearing of the motions was not given, but that the grounds of the motions were fully set out in the affidavits and that it would have economized time and shortened the record and saved labor to have heard the motions on the affidavits. We think this contention is without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*