## Frank H. Cumming v. Harry W. Sisson.

### Gen. No. 13,106.

1. JUSTICE OF THE PEACE—*when Circuit Court acquires jurisdiction of appeal from.* Where the successful party before a justice is a non-resident all that is necessary to give jurisdiction to the Circuit Court to hear and determine the appeal (the appeal having been taken before the clerk of such Circuit Court), is that two appeal summonses shall have been issued to the sheriff of the

county in which the suit was brought and two returns "not found" be made.

2. JUSTICE OF THE PEACE—*what proper part of record of Circuit Court in appeal from.* The affidavit, writ and bond in an attachment suit instituted before a justice become a part of the record in the appeal from such justice, even though filed after the term at which judgment is rendered upon the appeal; and the fact that such papers were not on file at the time of the hearing of the appeal is a mere irregularity, not affecting the jurisdiction to hear and determine the appeal.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed May 28, 1907.

**Statement by the Court.** October 30, 1899, plaintiff in error filed an affidavit before a justice of the peace of Cook county for a writ of replevin and procured a writ, which he delivered to a constable and gave to the constable a bond. The constable executed the writ by taking the property described therein and delivering the same to the plaintiff, and made due return of his bond and writ to the justice, with a return of "not found" as to the defendant. November 11th, the case was tried by the justice and judgment entered for the plaintiff. December 1st, defendant filed his appeal bond in the Circuit Court and a writ of *supersedeas* was issued, which was served on the justice December 4th.

September 22, 1902, a transcript of the judgment before the justice was filed in the Circuit Court and summons for defendant issued to the sheriff of Cook county, which was returned, "not found." October 24, 1902, an *alias* was issued upon which the same return was made.

October 18, 1905, the cause was tried by a jury and a verdict returned for the plaintiff and judgment entered thereon. The judgment entry recites that: "the plaintiff came and the defendant did not come," etc.

November 4, 1905, this judgment was vacated and a new trial granted on motion of defendant; the order

containing a finding that on October 13th, the defendant came and the plaintiff did not come, and that by mistake, and contrary to the evidence, a verdict for the plaintiff was returned and judgment entered thereon.

November 30, 1905, the case was again tried, the defendant only appearing. The verdict found the right of possession, in the property taken on the writ, in defendant, and assessed his damages for the use thereof, etc., at $250 upon which verdict the judgment here sought to be reversed was entered. After the expiration of the term at which judgment was so entered, plaintiff moved to quash an execution which had been issued on said judgment and to set aside the judgment, upon the ground that the summons and *alias* summons had been issued to the sheriff of Cook county when the plaintiff, as the defendant knew, resided in Livingston county, and that plaintiff had no notice of such appeal, etc. Before said motion was heard, plaintiff, by leave of the court, filed an additional motion to set aside said judgment, for the reason that the Circuit Court was without jurisdiction in the cause.

February 10, 1906, said motions were denied. Up to this time, the affidavit, writ of replevin and replevin bond had not been filed in the Circuit Court, but the same were filed March 10, 1906, and appear in the transcript of the record filed in this court by plaintiff in error.

MANN & MILLER, for plaintiff in error.

PHELPS & CLELAND, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error contends that the judgment should be reversed for the following reasons: First, the Circuit Court was without jurisdiction of said cause, for the reason that it did not affirmatively appear from the papers on file in that court that the justice of the peace

had jurisdiction thereof; and second, because appellant in the Circuit Court caused summons to issue to the county of Cook when in fact the appellee resided in Livingston county and the place of residence of said appellee was well known to the appellant.

It appears from the affidavits filed in support of the motion that plaintiff has, since the suit was begun, resided in Livingston county, and that this was known to defendant.

Plaintiff brought this suit before a justice of the peace of Cook county. The appeal summons and *alias* were issued to the sheriff of that county. The defendant had the right to appeal by filing his bond with the justice and when an appeal is thus taken, no summons issues for the appellee. He also had the right to appeal, as he did in this case, by filing his bond in the office of the clerk of the Circuit Court. The statute provides that when an appeal is so taken, "the clerk shall issue a *supersedeas* * * * and he shall issue a summons to the appellee," etc. R. S., chap. 79, sec. 115.

The statute further provides that when the appeal is taken by filing the bond with the clerk of the Appellate Court and summons and *alias* have been issued for the appellee and returned, "not found; it shall be lawful for the Appellate Court to proceed and try the appeal as if the appellee had been duly served with process." *Id.* sec. 177.

The statute makes no provision for issuing an appeal summons to a foreign county. All that was required of the appellant was to file his appeal bond with the clerk. Upon the filing of such bond, it became the duty of the clerk to issue an appeal summons. The plaintiff brought his suit before a justice of the peace of Cook county, and we think that the appeal summons and *alias* were properly issued to the sheriff of that county, and that the Circuit Court acquired jurisdiction of the appellee by the returns of "not found" of such summons and *alias*.

The affidavit, writ of replevin and bond became a part of the record of the cause in the Circuit Court when filed therein, although not filed until a term subsequent to that at which the judgment was entered. Leiferman v. Osten, 167 Ill. 93.

There was in this case before the justice an affidavit, writ of replevin and bond, and he had jurisdiction of the subject-matter and of the plaintiff. The filing of the appeal bond by the defendant gave the Circuit Court jurisdiction of the defendant, although he had not been served before the justice. The filing of the appeal bond and transcript gave the Circuit Court jurisdiction of the subject-matter. The issuing of the appeal summons and *alias* and the returns of "not found" gave that court jurisdiction of the plaintiff.

The failure of the justice to send up, with the transcript, the affidavit, writ and bond did not affect the jurisdiction of the Circuit Court, and the proceeding to trial in that court, without such affidavit, writ and bond being on file, was but an irregularity which was waived by the plaintiff by his failure to object to proceeding to trial without them. Leiferman v. Osten, *supra.*

In that case the distinction is pointed out between cases where the record wholly fails to show that any complaint or affidavit was filed before the justice in a case where such complaint or affidavit is necessary to give him jurisdiction of the subject-matter and cases where the record shows that all the papers necessary to give the justice jurisdiction were before him, but were not transmitted to the Appellate Court until after the trial of the appeal in that court.

We find in the record no reversible error, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*